KALVIN M. ROGERS, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Rogers v. Commissioner
Docket No. 24575-93
United States Tax Court
T.C. Memo 1995-133; 1995 Tax Ct. Memo LEXIS 179; 69 T.C.M. (CCH) 2263; March 28, 1995, Filed *179 Decision will be entered for respondent. Kalvin M. Rogers, pro se. For respondent: David L. Miller. COUVILLION
COUVILLION
MEMORANDUM OPINION COUVILLION, Special Trial Judge: This case was heard pursuant to section 7443A(b)(3) and Rules 180, 181, and 182. [1]
Respondent determined a deficiency of $ 168 in petitioner's 1990 Federal income tax. The issue for decision is whether petitioner is entitled to a deduction of $ 2,000 for a contribution to an Individual Retirement Account (IRA). Some of the facts were stipulated, and those facts, with the annexed exhibits, are so found and incorporated herein by reference. At the time the petition was filed, petitioner's legal residence was Salt Lake City, Utah. During the year at issue, petitioner was employed by the State of Utah as a real estate appraiser for the Utah State Tax *180 Commission. As a State employee, petitioner was a participant in the State public retirement system, contributing approximately 2 percent of his gross income annually. On his 1990 Federal income tax return, petitioner's reported gross income for 1990 was $ 28,119.89, consisting of wage income of $ 24,206.46 and interest income of $ 3,913.43. Petitioner claimed a $ 2,000 IRA contribution deduction. Without regard to this deduction, petitioner reported adjusted gross income equal to that of his gross income of $ 28,119.89. In the notice of deficiency, respondent disallowed $ 620 of petitioner's $ 2,000 IRA contribution deduction. Respondent determined that, under section 219(g)(5)(A)(iii), petitioner was an "active participant" in a plan established for employees of a State or political subdivision or agency thereof during the year at issue. As such, the limitation of section 219(g)(2) on IRA contribution deductions applied to petitioner. Application of the limitation resulted in respondent's disallowance of $ 620 of the $ 2,000 claimed by petitioner for his 1990 IRA contribution. The determinations of the Commissioner in a notice of deficiency are presumed correct, and the *181 burden of proof is on the taxpayer to show that the determinations are incorrect. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). In general, a taxpayer is entitled to deduct amounts contributed to an IRA. Sec. 219(a); sec. 1.219-1(a), Income Tax Regs. The deduction in any taxable year, however, may not exceed the lesser of $ 2,000 or an amount equal to the compensation includable in the taxpayer's gross income for such taxable year. Sec. 219(b)(1). In addition, the amount of the deduction is limited where the taxpayer was, for any part of the taxable year, an "active participant" in a retirement plan qualified under section 401(a) or a plan established for its employees by the United States, by a State or political subdivision thereof, or by any agency or instrumentality of any of the foregoing. Sec. 219(g)(1), (5)(A)(i) and (iii). In the case of a taxpayer who files a return as a single individual, the deduction is reduced using a ratio determined by dividing the excess of the taxpayer's modified adjusted gross income [2] (modified AGI) over $ 25,000, by $ 10,000. Sec. 219(g)(2) and (3). This provision results in a total disallowance *182 of the IRA deduction where the total modified AGI reported on the return exceeds $ 35,000. See Felber v. Commissioner, T.C. Memo 1992-418, affd. without published opinion 998 F.2d 1018 (8th Cir. 1993). During 1990, petitioner was an "active participant" in the public retirement plan established for employees of the State of Utah. Sec. 219(g)(5)(A)(iii). Therefore, because petitioner reported modified AGI of $ 28,119.89, he is not entitled to the IRA deduction as claimed, but rather only to the IRA deduction as allowed by respondent in the notice of deficiency. [3]
*183 Petitioner contends that he is entitled to the entire $ 2,000 IRA contribution because adjusted gross income, as it is cited in section 219(g), is "used out of context from its intended meaning". Petitioner further contends that, in determining the amount of adjusted gross income, for purposes of section 219(g), only his wage income of $ 24,206.46 should be considered. Petitioner's argument, as to which he cited no authority, is without merit. See section 219(g)(3)(A). Petitioner has failed to meet his burden of showing error in respondent's determination. Accordingly, respondent is sustained. Decision will be entered for respondent.
Footnotes
1. Unless otherwise indicated, section references are to the Internal Revenue Code in effect for the year at issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. As relevant herein, modified adjusted gross income means adjusted gross income computed without regard to any deduction for an IRA.↩
3. The IRA contribution deduction of $ 1,380 allowed by respondent was calculated as follows. The excess of taxpayer's modified AGI of $ 28,119.89 over $ 25,000 is $ 3,119.89. This amount divided by $ 10,000 yields a percentage of approximately 31 percent. Petitioner's $ 2,000 contribution reduced by 31 percent, or $ 620, is $ 1,380, the amount allowed by respondent. Sec. 219(g)(2) and (3).↩