T.C. Memo. 1996-224


UNITED STATES TAX COURT


RICHARD L. AND MARJORIE A. FREESE, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 26363-93.                        Filed May 16, 1996.


Richard L. Freese, pro se.

<u>Joanne B. Minsky</u>, for respondent.


MEMORANDUM OPINION

GOLDBERG, <u>Special Trial Judge</u>: This case was heard pursuant to section 7443A(b)(3) and Rules 180, 181, and 182.[1]  Respondent determined a deficiency in petitioners' Federal income tax for 1990 in the amount of $793.  The sole issue for decision is

---

[1]    Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year in issue.  All Rule references are to the Tax Court Rules of Practice and Procedure.

whether petitioners are entitled to a deduction of $2,834 for contributions to their individual retirement accounts.

Some of the facts have been stipulated and are so found. The stipulation of facts and attached exhibits are incorporated by this reference. Petitioners resided in Fort Meyers, Florida, at the time their petition was filed. References to petitioner in the singular refer to Richard L. Freese.

On October 22, 1990, petitioner commenced employment with the office of the Morrow County Prosecuting Attorney in Ohio as the coordinator of a new program established to (1) notify victims and witnesses of hearings and prepare them for trial, (2) explain the criminal justice system, and (3) coordinate physical and psychological treatment (the program). Petitioner's employment contract, signed on November 2, 1990,[2] provides in relevant part:

> 3. The Coordinator shall be subject to PERS [Public Employees Retirement System] and shall be entitled to other fringe benefits as afforded Morrow County employees.

The Public Employees Retirement System of the State of Ohio (PERS) requires that a percentage of a public employee's compensation be withheld by the employer for contribution to a retirement plan. Ohio Rev. Code Sec. 145.01 and 145.47 (Baldwin 1996). Under section 145.03 of the Ohio Revised Code, membership

---

[2] The record does not provide a clear explanation as to why petitioner's contract was signed nearly 2 weeks after he commenced employment.

in PERS is compulsory upon being employed, with some exceptions not relevant herein. During 1990, an aggregate of $133.88 was withheld from petitioner's wages and contributed to PERS.

As the result of an extremely poor working relationship between petitioner and his direct supervisor, the Director of the program, petitioner chose to resign from his position effective February 1, 1991. At such time, he requested a full refund of his contributions to PERS. On or about October 22, 1991, petitioner rolled over the refund of $283.07 into an individual retirement account (IRA).

Prior to April 15, 1991, petitioners opened two IRAs and made total contributions thereto of $2,834. Petitioners deducted this amount on their 1990 joint Federal income tax return and reported adjusted gross income for 1990 of $59,632.15.

In the notice of deficiency, respondent disallowed the entire deduction of $2,834 on the ground that petitioner was an "active participant" in a plan established for employees of a State or political subdivision or agency thereof during the year at issue. As such, the limitation of section 219(g) on IRA contribution deductions was applicable and resulted in the total disallowance of the amount claimed by petitioners. Petitioner argues that he was not an active participant within the meaning of section 219(g)(5) because PERS is a deferred compensation plan and serves as a substitute for Social Security in the State of Ohio. Petitioner further argues that it would be inequitable to

disallow his IRA contribution because he was an involuntary member of PERS, was a member of PERS for less than 3 months in 1990, and when he withdrew his contribution from PERS, he became ineligible for any benefits, and, as such, could not obtain double tax benefits arising from pension plans in 1990. Determinations of respondent are presumed correct, and the burden of proof is on petitioners to show otherwise. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).

In general, a taxpayer is entitled to deduct amounts contributed to an IRA. Sec. 219(a); sec. 1.219-1(a), Income Tax Regs. The deduction in any taxable year, however, may not exceed the lesser of $2,000 or an amount equal to the compensation includable in the taxpayer's gross income for such taxable year. Sec. 219(b)(1). The maximum amount that may be deducted is also limited where the taxpayer or spouse of the taxpayer is an "active participant" in a retirement plan qualified under section 401(a). Sec. 219(g)(1). An "active participant" is defined by section 219(g)(5) as an individual:

(A) who is an active participant in--

(i) a plan described in section 401(a) which includes a trust exempt from tax under section 501(a),

(ii) an annuity plan described in section 403(a),

(iii) a plan established for its employees by the United States, by a State or political subdivision thereof, or by an agency or instrumentality of any of the foregoing,

(iv) an annuity contract described in section 403(b), or

> (v) a simplified employee pension (within the meaning of section 408(k)), or
>
> (B) who makes deductible contributions to a trust described in section 501(c)(18).
>
> The determination of whether an individual is an active participant shall be made without regard to whether or not such individual's rights under a plan, trust, or contract are nonforfeitable.  An eligible deferred compensation plan (within the meaning of section 457(b)) shall not be treated as a plan described in subparagraph (A)(iii).

In the case of a taxpayer who files a joint return, the deduction is reduced using a ratio that is a function of the taxpayer's modified adjusted gross income (modified AGI).[3]  Sec. 219(g)(2) and (3).  This provision results in a total disallowance of the IRA deduction where the total modified AGI reported on a joint return exceeds $50,000.  See Felber v. Commissioner, T.C. Memo. 1992-418, affd. without published opinion 998 F.2d 1018 (8th Cir. 1993).

Petitioner contends that he is entitled to a deduction for his entire IRA contribution because PERS is an eligible deferred compensation plan.  Petitioner argues, therefore, that he is not an "active participant" within the meaning of section 219(g)(5).

As relevant herein, a deferred compensation plan is defined by section 457 as a plan established and maintained by a State, political subdivision of a State, agency, or instrumentality thereof, or any other nongovernmental organization exempt from

---

[3]  As relevant herein, modified adjusted gross income means adjusted gross income computed without regard to any deduction for an IRA.

tax, that permits employees to contribute a portion of their monthly salary through payroll deductions. The annual amount an employee may contribute is limited, and contributions are not includable in an employee's gross income in the year earned, but is deferred until paid out or made available to the employee. Sec. 457(a). We discussed the distinctions between section 401(a) qualified plans and section 457 plans in Rheal v. Commissioner, T.C. Memo. 1989-525:

> Qualified plans are required to comply with numerous eligibility standards set forth in section 401(a). These include nondiscrimination standards and minimum participation, funding, and vesting standards. Sections 401(a)(3), (4), (7); 411 and 412. Section 457 plans, however, are not subject to these requirements in general and are, therefore, referred to as a type of nonqualified plan. The litany of distinctions between a section 457 plan and qualified plans is too extensive to warrant exhaustive discussion here. One significant distinction noted is that a qualified plan requires employees' benefits to be held in an employees' trust and in all events an employee's right to his accrued benefit derived from his own contributions must be nonforfeitable. Sections 401(a)(7) and 411(a). By contrast, a section 457 plan is not required to utilize an employee's trust and by definition is prohibited from establishing an employee's trust which provides for non-forfeitable benefits. A section 457 plan, therefore, does not constitute a qualified plan because it necessarily violates qualified plan requirements. [Fn. ref. omitted.]

In light of the foregoing, petitioner's contention that PERS is a deferred compensation plan within the meaning of section 457 is without merit. The PERS member handbook states that PERS is a qualified pension plan and notes that tax provisions exclusive to distribution from qualified plans and trusts may be applicable to distributions from PERS, including an early withdrawal penalty

(section 72(t)), 5-year averaging (section 402(e)), and rollovers (section 402(a)(5)).[4]  In addition, PERS expressly confines its terms and provisions to the limitations established by section 415 of the Internal Revenue Code which prescribes limitations on benefits and contributions under qualified plans, not deferred compensation plans.  Sec. 145.01, Ohio Rev. Code (Baldwin 1996).  Finally, the State of Ohio maintains an eligible deferred compensation plan in accordance with the requirements, and subject to the limitations of section 457.  The deferred compensation plan is found in section 145.73 of the Ohio Revised Code, and is separate and distinct from PERS.  Therefore, we conclude that PERS is not an eligible deferred compensation plan within the meaning of section 457.

Petitioner further argues that participation in PERS should not preclude a deduction of his IRA contribution in that PERS is a substitute for Social Security in Ohio, and taxpayers that have amounts withheld from their wages for Social Security are not precluded from deducting IRA contributions.  However, the Form W-2 that petitioner received from the Morrow County Prosecuting Attorney for 1990 reflects that $22.85 was withheld from his wages as Social Security tax.  As such, we find that petitioner's argument is without merit.

---

[4]    See Rheal v. Commissioner, T.C. Memo. 1989-525 (5-year averaging provision not available for distributions from deferred compensation plans).

Petitioner finally contends that because he was an involuntary member of PERS, was only employed for 9 weeks during 1990, only contributed $133.88 in that time, and forfeited all rights under PERS when he resigned effective February 1, 1991, it is inequitable to disallow his IRA deduction. Under section 1.219-2(e) of the Income Tax Regulations, "If an employee makes a voluntary or mandatory contribution to a [defined benefit] plan * * * such employee is an active participant". The fact that contributions made by petitioner to PERS were mandatory under State law is irrelevant.

Moreover, a person can be an active participant even though he had only forfeitable rights to plan benefits and those rights were, in fact, forfeited prior to becoming vested. Eanes v. Commissioner, 85 T.C. 168, 170 (1985) (citing Hildebrand v. Commissioner, 683 F.2d 57, 58 (3d Cir. 1982), affg. T.C. Memo. 1980-532)); Wartes v. Commissioner, T.C. Memo. 1993-84.[5] Eanes involved a taxpayer who forfeited all rights under an employer's retirement plan when he left after only 3 months. Despite the short time the taxpayer worked, we held that he was an active participant in his employer's plan and was not entitled to a

---

[5] In Eanes v. Commissioner, 85 T.C. 168 (1985), we rejected any distinction based upon the absence of potential for double tax benefits, the crux of the reversal of our decision by the Seventh Circuit Court of Appeals in Foulkes v. Commissioner, 638 F.2d 1105 (7th Cir. 1981)(construing a prior version of sec. 219), revg. T.C. Memo. 1978-498. Eanes v. Commissioner, supra at 171; see also Johnson v. Commissioner, 661 F.2d 53 (5th Cir. 1981), affg. 74 T.C. 1057, 1060 (1980).

deduction under section 219.  We stated:  "While the result to petitioner seems harsh, we cannot ignore the plain language of the statute and, in effect, rewrite this statute to achieve what would appear to be an equitable result."  <u>Eanes v. Commissioner</u>, <u>supra</u> at 171 (citing <u>Hildebrand v. Commissioner</u>, <u>supra</u> at 59).  We apply this reasoning to the facts of the instant case.

Based on the foregoing, we conclude that PERS is a qualified plan established by the State of Ohio and that petitioner was an "active participant" in PERS during 1990.  Accordingly, because their modified AGI for 1990 exceeded $50,000, petitioners are not entitled to a deduction of their IRA contributions.  Sec. 219(g)(1) and (2).  Respondent is sustained on this issue.

<u>Decision will be entered</u>

<u>for respondent</u>.