T.C. Memo. 1998-379

UNITED STATES TAX COURT

DALE REID EDMONDS, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 11916-97.                    Filed October 20, 1998.

Dale Reid Edmonds, pro se.

<u>J. Craig Young</u>, for respondent.

MEMORANDUM OPINION

COUVILLION, <u>Special Trial Judge</u>:  This case was heard
pursuant to section 7443A(b)(3) and Rules 180, 181, and 182.[1]

Respondent determined a deficiency of $418 in petitioner's
Federal income tax for 1994.

---

[1]    Unless otherwise indicated, section references are to the
Internal Revenue Code in effect for the year at issue.  All Rule
references are to the Tax Court Rules of Practice and Procedure.

The issues for decision are: (1) Whether petitioner is entitled to a $2,000 deduction for a contribution to an individual retirement account (IRA) in 1994; (2) whether a $500 distribution received by petitioner from an IRA is includable in gross income; and (3) whether petitioner is liable for the 10-percent additional tax under section 72(t) on a premature distribution from an IRA.

Some of the facts were stipulated, and those facts, with the annexed exhibits, are so found and are incorporated herein by reference. At the time the petition was filed, petitioner's legal residence was Raleigh, North Carolina.

During the year at issue, petitioner was employed as a research technician by the U.S. Department of Agriculture (USDA) in Raleigh, North Carolina. Petitioner had a degree in agricultural and biological life sciences from North Carolina State University and, since the early 1990's, had studied DNA breakdown in various plant life for USDA.

In November 1993 (the year prior to the year at issue), respondent issued a Notice of Levy to Asheville Savings, a bank in Asheville, North Carolina, with respect to petitioner's unpaid tax liability for the 1985 tax year. Pursuant to the Notice of Levy, Asheville Savings, in December 1993, paid $1,562 to respondent in satisfaction of the notice. The $1,562 was paid out of the proceeds of a premature withdrawal from petitioner's

certificate of deposit (CD) at Asheville Savings.  Petitioner was required to pay a penalty of $115 to Asheville Savings because of the premature withdrawal of funds from his CD.  Petitioner claims that he did not owe any unpaid Federal income taxes for 1985; however, at the time of trial, petitioner had been unsuccessful in recouping the $1,562 that he alleges was wrongfully seized by respondent.

On the joint Federal income tax return filed by petitioner and his wife for 1994,[2] petitioner reported $65,514 in wage income, $139 in taxable interest income, $1,350 in taxable refunds of State and local income taxes, $1,800 in taxable pension income, and a $7,140 loss from rental real estate, for a total income of $61,663.  Petitioner claimed a $2,000 deduction for a contribution to an IRA and an $8,000 deduction for alimony paid, resulting in an adjusted gross income of $51,663.

In the notice of deficiency, respondent determined that petitioner received $19 in unreported taxable interest income and a $500 unreported taxable distribution from an IRA, based on information reported to respondent by the payor.  Respondent also disallowed petitioner's $2,000 IRA contribution deduction and made computational adjustments to petitioner's miscellaneous itemized deductions.  Respondent allowed petitioner a $115

---

[2] Although the notice of deficiency was issued to petitioner and his wife, the petition was filed only by petitioner. Petitioner's wife is not a party in this proceeding.

deduction under sections 62(a)(9) and 165 for payment of the penalty for premature withdrawal of funds from his CD in December 1993. Finally, respondent determined that petitioner was liable for the 10-percent additional tax on an early distribution from a qualified retirement plan under section 72(t) in the amount of $50.

At trial, petitioner conceded that he received $19 in unreported taxable interest income in 1994. Also, the parties agree that petitioner is entitled to the $115 deduction with respect to the penalty for early cancellation of petitioner's CD in December 1993. Moreover, the computational adjustments to petitioner's miscellaneous itemized deductions will be resolved by the Court's holdings on the issues herein.

The first issue is whether petitioner is entitled to a $2,000 deduction for a contribution to an IRA in 1994. In general, an individual is allowed a deduction for qualified retirement contributions in an amount not in excess of the lesser of $2,000 or "an amount equal to the compensation includible in the individual's gross income". Sec. 219(a) and (b)(1). A "qualified retirement contribution" is defined as "any amount paid in cash for the taxable year by or on behalf of an individual to an individual retirement plan for such individual's benefit" and "any amount contributed on behalf of any individual to a plan described in section 501(c)(18)." Sec. 219(e).

Section 219(g) limits the allowable deduction where the individual or the individual's spouse is an active participant for any part of any plan year ending with or within a taxable year. An active participant is defined to include, inter alia, an individual who is an active participant in "a plan established for its employees by the United States, by a State or political subdivision thereof, or by an agency or instrumentality of any of the foregoing". Sec. 219(g)(5)(A)(iii). The allowable deduction is reduced, as pertinent herein, by a factor based on the adjusted gross income of the individual and the individual's spouse. Sec. 219(g)(2).[3] The net effect of this provision is that the allowable deduction begins to be reduced when the joint adjusted gross income reaches $40,000 and completely phases out where the joint adjusted gross income reaches $50,000.

Respondent contends that petitioner did not make a qualified retirement contribution to an IRA during 1994. In the

---

[3] Sec. 219(g)(2)(A) provides that the $2,000 dollar limitation shall be reduced by:

> the amount which bears the same ratio to such
> limitation as--
>     (i) the excess of--
>         (I) the taxpayer's adjusted gross income for such
>     taxable year, over
>         (II) the applicable dollar amount, bears to
>     (ii) $10,000.

In the case of a taxpayer filing a joint return, the applicable dollar amount is $40,000. Sec. 219(g)(3)(B). As relevant here, adjusted gross income is determined without regard to any deduction for an IRA. Sec. 219(g)(3)(A).

alternative, respondent argues that, even if petitioner did make a qualified IRA contribution during 1994, he is precluded by the limitations of section 219(g) from deducting such contribution.

Petitioner freely admits that he claimed the subject $2,000 IRA deduction solely in an attempt to recoup the funds collected by respondent in connection with the 1993 levy of his CD at Asheville Savings, which he contends was wrongful. Petitioner acknowledged at trial that he did not make any contribution to an IRA during 1994. Thus, the Court finds that petitioner did not make a qualified retirement contribution to an IRA in 1994. Petitioner also admitted that he was a participant in the Federal Employees Retirement System (FERS) in connection with his employment at USDA during that entire year. Thus, the Court finds that petitioner was an active participant in a retirement plan for that year. Petitioner's adjusted gross income for 1994, without regard to his deduction for an IRA contribution, was $53,663, which exceeds the point at which an IRA deduction is entirely phased out for a married couple filing jointly.

In short, petitioner failed to meet the statutory requirements under section 219 for claiming a deduction for an IRA contribution in 1994. Thus, the Court holds that petitioner is not entitled to any deduction for a contribution to an IRA in 1994. Petitioner, moreover, is admonished over the manner in which he attempted to circumvent what he felt was an improper

collection action by respondent totally unrelated to the year at issue.  Such conduct is not acceptable.  Respondent, therefore, is sustained on this issue.

The second issue is whether a $500 distribution received by petitioner from an IRA is includable in gross income.  Section 402(a) provides that "any amount actually distributed to any distributee by any employees' trust described in section 401(a) * * * shall be taxable to the distributee, in the taxable year of the distributee in which distributed, under section 72 (relating to annuities)."  However, an exception to this general rule is found in section 402(c)(1), which provides:

> (1) Exclusion from income.--If.--
>
>     (A) any portion of the balance to the credit of an employee in a qualified trust is paid to the employee in an eligible rollover distribution,
>
>     (B) the distributee transfers any portion of the property received in such distribution to an eligible retirement plan, and
>
>     (C) in the case of a distribution of property other than money, the amount so transferred consists of the property distributed,
>
> then such distribution (to the extent so transferred) shall not be includible in gross income for the taxable year in which paid.

Further, section 402(c)(3) provides that such a rollover exclusion shall not apply "to any transfer of a distribution made after the 60th day following the day on which the distributee

received the property distributed."  In other words, if a taxpayer receives a distribution from a retirement plan and fails to make a rollover of such distribution to an eligible retirement plan within 60 days of taxpayer's receipt of such distribution, the amount shall be taxable under section 72 in the year of distribution.  The term "eligible retirement plan" is defined in section 402(c)(8)(B) as "(i) <u>an individual retirement account</u> * * *, (ii) an individual retirement annuity * * *, (iii) a qualified trust, and (iv) an annuity plan described in section 403(a)." (Emphasis added.)

Petitioner admits receiving a $500 IRA distribution in 1994 but contends that it is not includable in his gross income because he rolled it over into another IRA account soon after he received the distribution.  When questioned as to how much time passed between the time petitioner received the $500 and the time he deposited it into another IRA petitioner testified "I don't recall".  He stated that he was not willing to swear under oath that he deposited the funds into another IRA on or before the 60th day following the date of their receipt.  The parties stipulated that petitioner phoned Asheville Savings on July 7, 1994, to request a $500 distribution from his IRA.  Petitioner testified that he felt certain he received that $500 distribution within 2 weeks of the telephone call but he could not testify as to a specific date.  Moreover, petitioner produced the signature

page of an IRA application, signed by petitioner and dated October 21, 1994, which purported to show a deposit of $28,406.99 into a new IRA (i.e., the IRA into which petitioner contends he deposited the subject $500). Petitioner contends that he deposited the subject $500 into this IRA prior to the date of the application (although he did not attempt to specify how many days or weeks prior thereto); however, the Court is not convinced. Petitioner failed to produce any documentary evidence of either the date he received the $500 distribution or of the date he deposited the same into a different IRA.

On this record, the Court holds that petitioner failed to make a section 402(c)(1) rollover of the $500 distribution, either to an IRA or any other type of eligible retirement plan. Consequently, the Court holds that the $500 distribution from the IRA was not transferred to an eligible retirement plan as required by section 402(c)(1)(B) in order for such distribution to be excluded from petitioner's gross income. Respondent, therefore, is sustained on this issue.

The final issue is whether petitioner is liable for the 10-percent additional tax, under section 72(t), on a premature distribution from an IRA. Section 72(t) provides for a 10-percent additional tax on early distributions from qualified retirement plans. Paragraph (1) provides in relevant part:

> (1) Imposition of additional tax.--If any taxpayer receives any amount from a qualified retirement plan (as

defined in section 4974(c)), the taxpayer's tax under this chapter for the taxable year in which such amount is received shall be increased by an amount equal to 10 percent of the portion of such amount which is includible in gross income.

Section 4974(c) provides that the term "qualified retirement plan" includes an "individual retirement account". Sec. 4974(c)(4).

The 10-percent additional tax, however, does not apply to certain distributions. Section 72(t)(2) exempts distributions from the additional tax if the distributions are made: (1) To an employee age 59-1/2 or older; (2) to a beneficiary (or to the estate of the employee) on or after the death of the employee; (3) on account of disability; (4) as part of a series of substantially equal periodic payments made for life; (5) to an employee after separation from service after attainment of age 55; (6) as dividends paid with respect to corporate stock described in section 404(k); (7) to an employee for medical care; or (8) to an alternate payee pursuant to a qualified domestic relations order. Section 72(t)(3)(A) provides generally that exceptions (5), (7), and (8) do not apply to distributions from an IRA.

Petitioner received an early distribution of $500 from an IRA during the year at issue, which the Court has held is includable in his gross income for that year. Petitioner was born on August 29, 1945; therefore, petitioner did not reach the

age of 59-1/2 during the year at issue.  Petitioner presented no evidence to show that any of the other exceptions under section 72(t)(2) applied to exclude his 1994 distribution from the 10-percent additional tax provided for in section 72(t)(1). Accordingly, the Court holds that petitioner is liable for the 10-percent additional tax on early distributions from qualified retirement plans under section 72(t) in the amount of $50. Respondent, therefore, is sustained on this issue.

Decision will be entered

for respondent.