David Edward **NEUMEISTER,**
Petitioner–Appellant,

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent–**
Appellee.

No. 00–1517.

United States Court of Appeals,
Sixth Circuit.

Feb. 6, 2001.

Before JONES and COLE, Circuit Judges; NUGENT, District Judge.*

*ORDER*

David Edward Neumeister, proceeding pro se, appeals a tax court judgment denying his petition challenging a $574 deficiency determined by the Commissioner of Internal Revenue filed pursuant to I.R.C. § 7442. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

By way of background, during tax year 1996, Neumeister was employed as a public school teacher in the Lansing School District, and he was an active participant in the Michigan Public School Employees' Retirement System (MPSERS). Neumeister also contributed $1,763 to an Individual Retirement Account (IRA) in 1996. On his 1996 federal income tax return, he claimed a deduction for his IRA contribution and reported adjusted gross income of

---

* The Honorable Donald C. Nugent, United States District Judge for the Northern District of Ohio, sitting by designation.

$37,475. The Commissioner, by notice of deficiency mailed to Neumeister, disallowed the IRA deduction and asserted a $574 deficiency in Neumeister's 1996 federal income tax.

Neumeister petitioned the Tax Court seeking a redetermination of the deficiency asserted against him. Following a trial, the Tax Court ruled in favor of the Commissioner. Neumeister has filed a timely appeal, essentially reasserting his argument that he is entitled to a deduction for his contribution to his IRA account and that he does not have a tax deficiency for 1996.

Upon review, we conclude that the tax court properly upheld the Commissioner's determination that Neumeister had a tax deficiency for 1996. *See Holmes v. Commissioner*, 184 F.3d 536, 543 (6th Cir. 1999).

Neumeister has not established that he was entitled to a deduction for his 1996 contribution to his IRA. Section 219(a) of the Internal Revenue Code generally allows deductions for "qualified retirement contribution of the individual for the taxable year." However, the amount of the deduction is limited where the taxpayer is, for any part of the taxable year, an active participant in a retirement plan qualified under § 401(a) or a plan established for employees by a state or political subdivision thereof. *See* 26 U.S.C. § 219(g)(1), (g)(5)(A)(i) and (iii); *Edmonds v. Commissioner*, 76 T.C.M. (CCH) 710, 1998 WL 727763 (1998); *Freese v. Commissioner*, 71 T.C.M. (CCH) 3004, 1996 WL 256592 (1996). In the case of a taxpayer who files a return as a single individual, there is a total disallowance of the deduction where the taxpayer's modified adjusted gross income exceeds $35,000. *See Rogers v. Commissioner*, 69 T.C.M. (CCH) 2263 (1995); *Felber v. Commissioner*, 64 T.C.M. (CCH) 261, 1992 WL 171345 (1992), *aff'd*

*without published opinion*, 998 F.2d 1018 (8th Cir.1993).

Neumeister reported modified adjusted gross income of $39,475 on his 1996 income tax return. In addition, he was an active participant in a plan defined in § 219(g)(5)(A)(iii) during 1996. This is so because the Lansing school district is part of the Michigan public school system, and the MPSERS was established by the State of Michigan for its public school employees. Hence, Neumeister actively participated in a plan established by a State or a political subdivision thereof for its employees, *see* 26 U.S.C. § 219(g)(5)(A)(iii), and he is not entitled to a tax deduction for his contribution to his IRA.

Alternatively, the record establishes that Neumeister was not entitled to an IRA deduction because he was an active participant in a plan described in § 401(a) which includes a trust exempt from tax under § 501(a). The MPSERS is governed by the State of Michigan's Public School Employees' Retirement Act of 1979, as amended, 1980 Mich. Pub. Acts 300, Mich. Comp. Laws § 38.1301–38.1408, and is provided on a state-wide basis to all of Michigan's public school employees. Section 108 of the Act provides that the state intends "that the retirement system be a qualified plan created in trust under section 401 of the internal revenue code and that the trust be an exempt organization under section 501 of the internal revenue code." *See* Mich. Comp. Laws 38.1408. Thus, Neumeister is not entitled to an IRA deduction because he was an active participant in a plan described in section 219(g)(5)(A)(i).

Accordingly, we affirm the tax court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.