T.C. Memo. 2011-158


UNITED STATES TAX COURT


RONALD L. FAUST, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 9231-09.                    Filed July 6, 2011.


Ronald L. Faust, pro se.[1]

<u>Christina L. Lewerenz</u>, for respondent.

---

[1]Henry Stoever, an attorney who is not a member of the Tax
Court bar, was initially recognized by the Court as Ronald
Faust's representative under Rule 24(a)(4) of the Tax Court Rules
of Practice and Procedure.  Stoever represented Ronald Faust at
the calendar call.  Shortly before trial, Stoever and Ronald
Faust asked that Stoever's appearance be withdrawn, and the Court
ordered the appearance withdrawn.

MEMORANDUM FINDINGS OF FACT AND OPINION

MORRISON, Judge: The petitioner, Ronald L. Faust, and his wife, Toni B. Faust, filed joint income-tax returns for 2005 and 2006. The Internal Revenue Service (the IRS)[2] issued a statutory notice of deficiency to the Fausts on January 26, 2009, determining the following income-tax deficiencies and accuracy-related penalties:

| Year | Deficiency | Penalty Sec. 6662 |
|------|-----------|-------------------|
| 2005 | $649 | $129.80 |
| 2006 | 1,385 | 227.00 |

Seeking a redetermination, Ronald Faust filed a Tax Court petition. The petition was not signed by his wife, and therefore she is not a party to this case. After a concession,[3] three issues remain for decision:

- Are the deductions claimed as the business expenses of MacLeisure Creations allowable?

- Are the deductions claimed as the employee business expenses of Ronald Faust's wife allowable?

---

[2]We use the term "IRS" to refer to both the Internal Revenue Service and to the Commissioner of Internal Revenue, who is the head of the IRS and is the respondent in this case.

[3]Faust concedes that his wife's taxable pension income was $13,096.86, not $13 as reported on the 2006 tax return.

- Is Faust liable for the penalty imposed by section 6662(a) on inaccurate tax returns?[4]

## FINDINGS OF FACT

Reverend Ronald Faust resided in Missouri at the time he filed his petition with the Tax Court. The case was tried in Kansas City, Missouri. The parties stipulated some of the facts; these stipulations are adopted as factual findings.

Faust is a retired minister. After his retirement, he supposedly created a new enterprise called MacLeisure Creations. The word "MacLeisure" is a combination of Ronald Faust's previous name, "Mac Keyes", and the phrase "leisure ministry".[5]

In Faust's view, MacLeisure Creations encompassed virtually all his activities. Consistent with this view, Faust claimed business deductions on his 2005 and 2006 joint tax returns for the costs of, among other things:

- writing books that he distributed to his friends and family for free;
- buying groceries;
- buying books and magazines;
- going on ski trips with friends;
- buying boating equipment;

---

[4]All references to sections are to the Internal Revenue Code of 1986, as in effect during the tax years 2005 and 2006.

[5]Faust had used "Mac Keyes" as his full name.

- repairing his washing machine;

- repairing and maintaining his house;

- dining with his wife;

- buying clothes for his son;

- attending comedy shows;

- paying utility and telephone bills;

- attending art exhibits with his daughter, who is an artist.

During the 2005 and 2006 years Faust's wife was employed by the Montessori Center Inc., Curves for Women, Casa de los Ninos, Inc., and Rondamar Enterprises, Inc.[6]

On their 2005 Form 1040, U.S. Individual Income Tax Return, the Fausts reported gross receipts of $235 from Ronald Faust's supposed enterprise, "MacLeisure Creations". The Fausts reported that the enterprise had business expenses of $20,771, with a resulting business loss of $20,536. The return also claimed that Faust's wife had employee business expenses of $6,157.

On their 2006 income-tax return the Fausts claimed that MacLeisure Creations earned $210 in gross receipts, expended $36,509, and had a business loss of $36,299. The return also claimed that Faust's wife had employee business expenses of $5,821.

---

[6]The Forms W-2, Wage and Tax Statement, name the "Montesson Center, Inc." as the employer of Faust's wife. This appears to be a typographical error.

In its notice of deficiency, the IRS disallowed the deductions for business expenses claimed for MacLeisure Creations and instead allowed the Fausts itemized deductions up to the amount of the gross income reported for MacLeisure Creations (i.e., $235 for 2005 and $210 for 2006).  The IRS also disallowed the deductions for employee business expenses of Faust's wife.

OPINION

Faust bears the burden of proving that the determinations in the notice of deficiency are erroneous.  See Rule 142(a)(1), Tax Court Rules of Practice and Procedure.  Faust does not assert that the burden of proof shifts to the IRS under section 7491(a).  On the record before us, we conclude that the burden of proof does not shift to the IRS under that section.

1.   Are the Business Expenses Claimed for MacLeisure Creations Deductible?

The IRS's notice of deficiency made adjustments that were premised on the theory that the activities of MacLeisure Creations were not engaged in for profit within the meaning of section 183.  This theory was thoroughly vindicated at the trial.  Section 1.183-2(a) of the Income Tax Regulations contains a nonexhaustive list of nine factors to consider in determining whether an activity is conducted for profit.  Considering these nine factors, we believe that MacLeisure Creations was not conducted for profit:

- <u>"Manner in which the taxpayer carries on the activity."</u>
  Faust kept no separate bank accounts or books for
  MacLeisure Creations. He did not systematically
  analyze or monitor the profitability of the activities.
  Although Faust had a document entitled "Business
  Plan:", the existence of this document does not evince
  a desire to make a profit. At trial Faust admitted
  that he drafted the document for tax purposes and that
  he really did not intend to earn a profit.[7]

- <u>"The expertise of the taxpayer or his advisors."</u>
  There is no evidence that Faust had expertise in
  operating the activities for profit, or that he sought
  advice or guidance on how to make the activities
  profitable.

- <u>"The time and effort expended by the taxpayer in
  carrying on the activity."</u> Faust testified that he
  spent all his time on the activities of MacLeisure
  Creations. Although the amount of time expended on an
  activity may indicate that the activity was intended to
  earn a profit, the amount of time that Faust spent on
  the activities of MacLeisure Creations is merely the

---

[7]We do not consider whether this admission alone is
dispositive of the conducted-for-profit inquiry.

result of his expansive definition of the supposed enterprise.

- "Expectation that assets used in activity may appreciate in value." There is no evidence that any of the assets used in the activities were expected to increase in value.

- "The success of the taxpayer in carrying on other similar or dissimilar activities." Although Faust is an ordained minister and earned a living at one time as a paid employee of a church, there is no evidence that he ever profitably carried on the activities in question independent of an established church.

- "The taxpayer's history of income or losses with respect to the activity." The Fausts reported that MacLeisure Creations had large net losses eight years in a row. Evaluated as a business, the supposed activities of MacLeisure Creations have been a financial disaster.

- "The amount of occasional profits, if any, which are earned." Faust never earned a profit from the MacLeisure Creations activities.

- "The financial status of the taxpayer." The Fausts relied on other income to subsidize the activities.

- • "Elements of personal pleasure or recreation." Faust derived personal enjoyment from the activities he conducted under the guise of MacLeisure Creations.

The activities of MacLeisure Creations were not conducted for profit. The expenses are therefore not deductible, except, as the IRS concedes, to the extent of the gross income from the activities. See sec. 183(b)(2). The IRS also argues that the deductions must be disallowed because the expenses are not substantiated, but we need not address this additional argument.

## 2. Are the Employee Business Expenses of Faust's Wife Allowable?

An employee is entitled to a deduction for the ordinary and necessary expenses paid in performing services for his or her employer. See sec. 162(a). However, no deduction is allowed for personal, living, or family expenses. See sec. 262(a).

Faust failed to demonstrate that any of the expenses claimed on the returns as employee business expenses were related in any way to his wife's employment. Therefore, the deductions are not allowable.

## 3. Is Faust Liable for the Section 6662(a) Accuracy-Related Penalty?

Section 6662(a) and (b)(1) imposes a 20 percent accuracy-related penalty on any portion of the underpayment of tax required to be shown on a return if the portion is attributable to negligence or disregard of rules or regulations. The term

"negligence" includes any failure to make a reasonable attempt to comply with the provisions of the Internal Revenue Code. Sec. 6662(c). The penalty is not imposed when the taxpayer can show that the underpayment was due to reasonable cause and good faith. Sec. 6664(c).

The IRS bears the burden of producing evidence that it is appropriate to impose the accuracy-related penalties for the tax years 2005 and 2006. See sec. 7491(c) ("the Secretary shall have the burden of production in any court proceeding with respect to the liability of any individual for any penalty, addition to tax, or additional amount imposed by this title"). The taxpayer has the burden of proof. See Higbee v. Commissioner, 116 T.C. 438, 446-447 (2001) ("Congress' use of the phrase 'burden of production' and not the more general phrase 'burden of proof' * * * indicates to us that Congress did not desire that the burden of proof be placed on the Commissioner with regard to penalties."). The IRS has presented sufficient evidence that the contested deductions were reported on the returns as the result of negligence in regard to the federal income tax laws. Furthermore, Faust has not persuaded us that the reporting was not the result of negligence.

The taxpayer has the burden of proving reasonable cause and good faith regarding an underpayment. See Higbee v. Commissioner, supra at 446 ("the Commissioner need not introduce

evidence regarding reasonable cause, substantial authority, or similar provisions"; "the taxpayer bears the burden of proof with regard to those issues").  We are not persuaded that the Fausts had reasonable cause for the underpayments or that they acted in good faith in preparing their tax returns in the erroneous manner in which they did.  Consequently, the accuracy-related penalty is imposed upon the underpayments of tax attributable to the challenged tax treatment.

        To reflect the foregoing,

Decision will be entered

for respondent.