ROBERT D. PACKARD, PETITIONER *v*. COMMISSIONER OF
INTERNAL REVENUE, RESPONDENT

Docket No. 565–11.       Filed November 5, 2012.

P married W on Nov. 22, 2008, but they continued to reside in separate residences until they purchased the subject residence together on Dec. 1, 2009. Before purchasing the subject residence, W owned a principal residence where she resided for more than five consecutive years during the eight years before Dec. 1, 2009. P had no present ownership interest in a principal residence during the three-year period ending on Dec. 1, 2009. *Held*: Because W qualifies for the first-time homebuyer credit under the exception for longtime residents of the same principal residence pursuant to I.R.C. sec. 36(c)(6) and because P qualifies for the first-time homebuyer credit pursuant to I.R.C. sec. 36(c)(1), P and W are entitled to the

first-time homebuyer credit of $6,500 as limited by I.R.C. sec.
36(b)(1)(D).

Robert D. Packard, pro se.
*Christopher A. Pavilonis*, for respondent.

OPINION

WELLS, *Judge*: This case is before the Court on respondent's motion for summary judgment pursuant to Rule 121. [1] The issue we must decide is whether petitioner and his wife are entitled to the first-time homebuyer credit on their joint 2009 return where individually petitioner would have been entitled to the first-time homebuyer credit pursuant to section 36(c)(1) and his wife would have been entitled to the first-time homebuyer credit pursuant to the exception provided in section 36(c)(6) for longtime residents of the same principal residence.

## Background

The parties stipulated all of the relevant facts. At the time he filed his petition, petitioner was a resident of Florida.

Petitioner married Marianna Packard (formerly Marianna Kanehl) on November 22, 2008. After their marriage, they continued to reside in separate residences until they purchased a house together in Tarpon Springs, Florida, on December 1, 2009 (subject residence). Before purchasing the subject residence, Mrs. Packard owned and resided in a principal residence in Clearwater, Florida (prior residence), from April 1, 2004, until November 17, 2009. Before purchasing the subject residence with Mrs. Packard, petitioner rented a dwelling in Tarpon Springs, Florida. Petitioner had no present ownership interest in a principal residence during the three years before December 1, 2009.

Petitioner and Mrs. Packard purchased the subject residence for $203,500. When they filed their 2009 income tax return, they selected the status "married filing jointly" and claimed a $6,500 first-time homebuyer credit on the basis of the exception provided in section 36(c)(6). Respondent determined that petitioner was not entitled to the first-time homebuyer credit. Petitioner timely filed his petition in this Court.

---

[1] Unless otherwise indicated, section references are to the Internal Revenue Code of 1986, as amended, and Rule references are to the Tax Court Rules of Practice and Procedure.

*Discussion*

Summary judgment is intended to expedite litigation and avoid unnecessary and expensive trials and may be granted where there is no genuine dispute of material fact and a decision may be rendered as a matter of law. Rule 121(a) and (b); *Fla. Peach Corp. v. Commissioner*, 90 T.C. 678, 681 (1988). The moving party bears the burden of proving that there is no genuine dispute of material fact, and factual inferences are viewed in the light most favorable to the nonmoving party. *Sundstrand Corp. v. Commissioner*, 98 T.C. 518, 520 (1992), *aff'd*, 17 F.3d 965 (7th Cir. 1994). However, the party opposing summary judgment must set forth specific facts that show a genuine dispute of material fact exists and may not rely merely on allegations or denials in the pleadings. Rule 121(d). Summary judgment is appropriate in the instant case because the parties agree on all material facts and the only issue we must decide is one of law. Consequently, the issue is ripe for summary adjudication.

Section 36(a) allows "an individual who is a first-time homebuyer of a principal residence in the United States" a tax credit for the year the residence is purchased. Section 36(c)(1) defines a "first-time homebuyer" as "any individual if such individual (and if married, such individual's spouse) had no present ownership interest in a principal residence during the 3-year period ending on the date of the purchase of the principal residence to which this section applies." The Worker, Homeownership, and Business Assistance Act of 2009, Pub. L. No. 111–92, sec. 11(b), 123 Stat. at 2989, amended section 36(c) by adding a new paragraph (6), which provides:

EXCEPTION FOR LONG-TIME RESIDENTS OF SAME PRINCIPAL RESIDENCE.—In the case of an individual (and, if married, such individual's spouse) who has owned and used the same residence as such individual's principal residence for any 5-consecutive-year period during the 8-year period ending on the date of the purchase of a subsequent principal residence, such individual shall be treated as a first-time homebuyer for purposes of this section with respect to the purchase of such subsequent residence.

Before the addition of paragraph (6) to section 36(c), the first-time homebuyer credit was limited to individuals who had no present ownership interest in a principal residence during the three-year period ending on the date of purchase

of the principal residence for which the credit is claimed (three-year period). Married couples could qualify for the credit only if neither spouse had a present ownership interest in a principal residence during the three-year period. Section 36(c)(6) expanded the scope of the first-time homebuyer credit by making it available to individuals who have owned and lived in the same residence for at least five consecutive years during the eight years before purchasing a new principal residence.

We must decide the relationship between paragraph (1) and paragraph (6) of section 36(c). Specifically, we must decide whether the exception provided pursuant to paragraph (6) requires that, for a married couple, both husband and wife must co-own and reside together at the same residence for the five-consecutive-year period during the eight-year period ending on the date of purchase of the new residence (five-consecutive-year period), or whether a married couple may also qualify for the exception pursuant to paragraph (6) if one spouse qualifies for the exception pursuant to paragraph (6) and the other qualifies as a first-time homebuyer pursuant to paragraph (1). The issue we are asked to decide is one of first impression.

Respondent contends that paragraph (6) requires that both husband and wife own and reside together in the same residence for the five-consecutive-year period. Respondent concedes that Mrs. Packard would be considered a first-time homebuyer pursuant to paragraph (6) but for the fact that petitioner did not co-own and reside with her in her prior residence during the five-consecutive-year period. Respondent also concedes that petitioner would be a first-time homebuyer pursuant to paragraph (1) but for the fact that Mrs. Packard owned the prior residence. Respondent contends that, because petitioner resided elsewhere during the five-consecutive-year period and did not co-own the prior residence, petitioner and Mrs. Packard are not entitled to the first-time homebuyer credit. We disagree.

Paragraph (6) operates to expand the scope of the first-time homebuyer credit by treating an individual who has owned and resided in the same residence for the five-consecutive-year period as if that individual were a first-time homebuyer for purposes of section 36. By its terms, it provides an *exception* to the definition of first-time homebuyer

pursuant to section 36(c), a definition that is provided in paragraph (1). [2] In other words, the exception pursuant to paragraph (6) expands the definition of who qualifies as a first-time homebuyer pursuant to paragraph (1).

It is a well-established rule of statutory construction that a statute is to be construed so as to give effect to its plain and ordinary meaning unless to do so would produce absurd or futile results. *United States v. Am. Trucking Ass'ns, Inc.*, 310 U.S. 534, 543–544 (1940); *Colestock v. Commissioner*, 102 T.C. 380, 387 (1994). As the Supreme Court has explained:

There is, of course, no more persuasive evidence of the purpose of a statute than the words by which the legislature undertook to give expression to its wishes. Often these words are sufficient in and of themselves to determine the purpose of the legislation. In such cases we have followed their plain meaning. When that meaning has led to absurd or futile results, however, this Court has looked beyond the words to the purpose of the act. Frequently, however, even when the plain meaning did not produce absurd results but merely an unreasonable one "plainly at variance with the policy of the legislation as a whole" this Court has followed that purpose, rather than the literal words. * * * [*Am. Trucking Ass'ns, Inc.*, 310 U.S. at 543 (fn. refs. omitted) (quoting *Ozawa v. United States*, 260 U.S. 178, 194 (1922)).]

We do not agree with respondent that the plain and ordinary meaning of the definition of first-time homebuyer pursuant to paragraph (1) and the exception pursuant to paragraph (6) require that in order to qualify as first-time homebuyers, both spouses must qualify under the same paragraph. However, even if the statute could be read as respondent contends, such a result would be absurd.

Both paragraph (1) and paragraph (6) are intended to define a first-time homebuyer for the purpose of determining whether an *individual* is a first-time homebuyer entitled to claim a credit pursuant to section 36(a). When Congress first enacted section 36, it included the parenthetical phrase "and if married, such individual's spouse" in the definition of first-time homebuyer provided in subsection (c)(1). Although the

[2] "Where * * * there is no collision involved, it is proper to consult both the section heading and the section's content to come up with the statute's clear and total meaning." *House v. Commissioner*, 453 F.2d 982, 987 (5th Cir. 1972), *vacating* T.C. Memo. 1970–125; *see also United States v. Fisher*, 6 U.S. (2 Cranch) 358, 386 (1805) ("It is undoubtedly a well established principle in the exposition of statutes, that every part is to be considered, and the intention of the legislature to be extracted from the whole."); *cf.* sec. 7806(b) ("No inference, implication, or presumption of legislative construction shall be drawn or made by reason of the location or grouping of any particular section or provision or portion of this title[.]").

legislative history does not explain the rationale for the inclusion of the parenthetical phrase, it is clear that Congress wanted to restrict the first-time homebuyer credit to only those married couples where both spouses qualify as first-time homebuyers. When Congress amended section 36(c) to add an exception to the definition of first-time homebuyer that would include longtime residents of the same principal residence, it presumably also sought to restrict the first-time homebuyer credit to only those married couples where both spouses qualify as first-time homebuyers, and it therefore borrowed the same parenthetical phrase from section 36(c)(1). However, we cannot believe that Congress intended to restrict the first-time homebuyer credit to only those married couples where both spouses qualify under the same paragraph of section 36(c).

Individually, petitioner and Mrs. Packard each would be entitled to the first-time homebuyer credit. As respondent has conceded, Mrs. Packard qualifies for the exception pursuant to paragraph (6). Although petitioner fails to qualify for the exception pursuant to paragraph (6), petitioner qualifies as a first-time homebuyer pursuant to paragraph (1) on account of his having had no present ownership interest in a principal residence during the three-year period ending on the date he purchased the subject residence. Because petitioner is a first-time homebuyer pursuant to paragraph (1) and because Mrs. Packard is treated as a first-time homebuyer pursuant to the exception provided in paragraph (6), both petitioner and Mrs. Packard are first-time homebuyers pursuant to section 36. Accordingly, we hold that petitioner and Mrs. Packard are entitled to the first-time homebuyer credit for their purchase of the subject residence. Because petitioner and Mrs. Packard would not have been entitled to the first-time homebuyer credit except for the addition of paragraph (6), they are limited to a credit of $6,500. *See* sec. 36(b)(1)(D).

In reaching these holdings, we have considered all the parties' arguments, and, to the extent not addressed herein, we conclude that they are moot, irrelevant, or without merit.

To reflect the foregoing,

*An appropriate order and decision will be entered.*