[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 13-10586

_____

Agency No. 565-11

ROBERT D. PACKARD,

Petitioner-Appellee,

versus

COMMISSIONER OF INTERNAL REVENUE,

Respondent-Appellant.

_____

Petition for Review of a Decision of the
United States Tax Court

_____

(March 27, 2014)

Before WILSON, Circuit Judge, and BUCKLEW,[*] and LAZZARA,[**] District Judges.

PER CURIAM:

_____

[*]Honorable Susan C. Bucklew, United States District Judge for the Middle District of Florida, sitting by designation.

[**]Honorable Richard A. Lazzara, United States District Court for the Middle District of Florida, sitting by designation.

Appellant Commissioner of Internal Revenue ("the Commissioner") appeals the Tax Court's grant of summary judgment to Appellee Robert Packard ("Mr. Packard") on his *pro se* petition for review of a tax deficiency determination.  At issue in this case is whether the Tax Court erred as a matter of law in holding that Mr. Packard and his wife, Marianna ("Mrs. Packard") (collectively "the Packards"), were entitled to the first-time homebuyer tax credit even though, when considered as a single marital unit, they did not qualify for the credit under 26 U.S.C. § 36(c) of the Internal Revenue Code.  We hold that the Tax Court's decision is directly contrary to the plain language of the statute and should be reversed.

## I. BACKGROUND

The parties stipulated to all of the relevant facts.  The Packards were married on November 22, 2008, and lived in separate residences until December 1, 2009, when they purchased and moved into a home together in Tarpon Springs, Florida ("the subject home").  The Packards filed "a married filing jointly" tax return with the Internal Revenue Service for the 2009 tax year, in which they claimed a $6,500 first-time homebuyer credit based upon the "exception" provided for in § 36(c)(6) of the Internal Revenue Code to the definition of "first-time homebuyer."  This exception treats a long-time resident as a first-time homebuyer if "an individual (and, if married, such individual's spouse)" owned and used the same principal residence for five consecutive years during the eight-year period ending on the date of purchase of a subsequent

2

residence.  Mrs. Packard had retained an ownership interest in a prior principal residence in Clearwater, Florida, for more than five consecutive years, ending on November 17, 2009.  Mr. Packard rented and lived in a separate residence in Tarpon Springs, Florida, until he moved into the subject home with Mrs. Packard.  Mr. Packard had no ownership interest in a principal residence during the three-year period ending on December 1, 2009.[1]

On October 18, 2010, the Commissioner rejected the Packards' claimed tax credit and issued a statutory notice of deficiency with respect to their 2009 federal income tax liability.  On January 6, 2011, within 90 days of the date of the notice, Mr. Packard, timely petitioned the Tax Court to redetermine the income tax deficiency.  *See* 26 U.S.C. § 6213(a).[2]  In the petition, Mr. Packard alleged that he was entitled to the first-time homebuyer credit because Mrs. Packard owned a prior residence for more than five consecutive years before the purchase of the subject home.  The Commissioner moved for summary judgment arguing that under the plain language of § 36(c)(6) both husband and wife must reside in the same residence for the prescribed period of time in order to

---

[1]   Section 36(c)(1) defines a "first-time homebuyer" as "any individual if such individual (and if married, such individual's spouse) had no present ownership interest in a principal residence during the 3-year period ending on the date of the purchase" at issue.  Therefore, Mr. Packard would have qualified for the tax credit under this section as an unmarried individual.

[2]   Mrs. Packard did not join in the petition and, therefore, is not a party to this case.  *See Faust v. Comm'r,* 102 T.C.M. (CCH) 16, 17 (2011); *Edmonds v. Comm'r,* 76 T.C.M. (CCH) 710, 711 n.2 (1998).

qualify for the credit and that while Mrs. Packard owned and lived in a prior residence for five consecutive years prior to the purchase of the subject home, Mr. Packard did not.

The Tax Court, however, granted summary judgment in Mr. Packard's favor, determining that the Packards were in fact entitled to a $6,500 first-time homebuyer credit under § 36(c)(6).  In its opinion, the Tax Court acknowledged that under an application of the plain language of the statute, the Packards were not eligible for the credit, but then discussed how Mr. Packard would have been eligible for the first-time homebuyer credit under § 36(c)(1) if Mrs. Packard had not owned a prior residence and that, conversely, Mrs. Packard would have been eligible for the long-time resident credit under § 36(c)(6) if Mr. Packard had co-owned her Clearwater, Florida, residence and lived there with her for five consecutive years.  Characterizing the effects of a plain reading of the statutory sections as "absurd," the Tax Court concluded that Congress could not have intended to deny the credit where "[i]ndividually" one spouse would have qualified for the credit under § 36(c)(1) and the other spouse would have qualified for the credit under § 36(c)(6).  *Packard v. Comm'r*, 139 T.C. 390, 394–95 (2012).   As the Tax Court explained, "we cannot believe that Congress intended to restrict the first-time homebuyer credit to only those married couples where both spouses qualify under the same paragraph of section 36(c)."  *Id.* at 395.  The Tax Court then ruled that because, in its view, Mr. Packard qualified as a first-time homebuyer under § 36(c)(1) and Mrs. Packard was treated as a first-time homebuyer under § 36(c)(6), the Packards were entitled to a first-

time homebuyer credit under § 36.  Finally, the Tax Court held that because the Packards would not have been entitled to the first-time homebuyer credit except for the addition of paragraph (6) to § 36(c), they could only claim a credit of up to $6,500, as that is the limit pursuant to § 36(b)(1)(D) of the Internal Revenue Code for taxpayers who qualified under the "long-time resident" exception.

On appeal, the Commissioner argues that the plain language and structure of § 36 require that spouses qualify under the same paragraph to be eligible for a first-time homebuyer credit.  Because no court has addressed this issue in a published decision, oral argument was held in this case.  Mr. Packard did not appear for oral argument, nor did he file a brief in this appeal.

## II. STANDARD OF REVIEW

We review the Tax Court's decision to grant summary judgment *de novo*.  *Roberts v. Comm'r*, 329 F.3d 1224, 1227 (11th Cir. 2003) (per curiam).  Summary judgment is proper if the evidence before the court "establish[es] that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law."  *Id. (internal quotation marks omitted).*  "In deciding whether to grant summary judgment, the court examines the facts in the light most favorable to the nonmoving party."  *Id.*

## III. DISCUSSION

When Congress originally enacted § 36(c)(1), it defined "first-time homebuyer" as an "individual (and if married, such individual's spouse)" who had no  present ownership

5

interest in a principal residence for the three years preceding the purchase.  With that parenthetical phrase, Congress precluded a husband and wife from being eligible for the credit unless they both satisfied the requirements of § 36(c)(1).  When Congress later added the long-time resident exception in a separate subsection, § 36(c)(6), it included the same parenthetical phrase to define a long-time resident as an "individual (and if married, such individual's spouse)" who met a five-year consecutive residency requirement.  Thus, Congress originally precluded a married couple from being eligible as first-time homebuyers unless both spouses satisfied the requirements of § 36(c)(1), and when it added § 36(c)(6), it also precluded a married couple from being eligible unless both satisfied the requirements of that subsection.

The "preeminent canon of statutory interpretation" requires the court to "presume that the legislature says in a statute what it means and means in a statute what it says there."  *BedRoc Ltd., LLC v. United States*, 541 U.S. 176, 183, 124 S. Ct. 1587, 1593, 158 L. Ed. 2d 338 (2004) (quoting *Conn. Nat'l Bank v. Germain*, 503 U.S. 249, 253–54, 112 S. Ct. 1146, 1150, 117 L. Ed. 2d 391 (1992) (alteration and internal quotation marks omitted).  A court's inquiry, therefore, "begins with the statutory text, and ends there as well if the text is unambiguous."  *BedRoc Ltd., LLC*, 541 U.S. at 183, 124 S. Ct. at 1593. The unambiguous language of § 36(c)(1) and § 36(c)(6), therefore, requires that a married individual be considered together with his or her spouse as a unit to qualify under either paragraph.  The Tax Court acknowledged that the language of § 36(c) was unambiguous,

6

yet it deviated from that plain language in allowing the Packards to claim the first-time

homebuyer credit when they did not qualify under the same paragraph.  The Tax Court's

observation that the Packards would have qualified for the tax credit individually had they

not been married has no bearing on the application of § 36(c) to the facts of this case.

Further, the Commissioner's reading of § 36(c) did not produce an absurd result, as the

Tax Court suggested without explaining.  The absurdity exception to the plain-meaning

rule only comes into play where the absurdity is "so gross as to shock the general moral or

common sense." *Crooks v. Harrelson*, 282 U.S. 55, 60, 51 S. Ct. 49, 50, 75 L. Ed. 156

(1930).  Here, the plain language in § 36(c)(1) and § 36(c)(6) of the Internal Revenue

Code makes clear Congress's intent to treat married couples as a single inseparable unit

for purposes of determining first-time homebuyer eligibility.  While the effect of

enforcing the statute as written may seem inequitable in light of the facts of this case, it

does not shock general moral or common sense.  Deductions and credits are matters of

legislative grace and are not allowable unless Congress specifically provides for them.

*INDOPCO, Inc. v. Comm'r*, 503 U.S. 79, 84, 112 S. Ct. 1039, 1043, 117 L. Ed. 2d 226

(1992); *Randall v. Comm'r*, 733 F.2d 1565, 1567 (11th Cir. 1984) (per curiam).

## IV.  CONCLUSION

Section 36(c) of the Internal Revenue Code requires that for a married couple to

qualify for the first-time homebuyer tax credit, both spouses collectively must meet the

same statutory requirements, either as first-time homebuyers under § 36(c)(1) or as long-

time residents under § 36(c)(6).  The application of the plain language of § 36(c) to the facts of this case does not produce an absurd result or frustrate the intent of Congress. The Tax Court was obligated to enforce the statute according to its plain terms and erred as a matter of law in failing to do so.  Accordingly, we reverse the decision of the Tax Court and remand with instructions to grant the Commissioner's motion for summary judgment.

**REVERSED and REMANDED**.