[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-15812
Non-Argument Calendar
_____

Agency No. 13515-11


MARYANN LARKIN,
THOMAS LARKIN,

                                                          Petitioners-Appellants,

versus

COMMISSIONER OF IRS,

                                                          Respondent-Appellee.


_____

Petition for Review of a Decision
of the U.S. Tax Court
_____

(September 15, 2015)

Before WILSON, MARTIN, and ANDERSON, Circuit Judges.

PER CURIAM:

Maryann and Thomas Larkin (Petitioners) appeal from the United States Tax Court's denial of their petition seeking abatement of interest that accrued on their 2006 tax liability.  Petitioners incurred a 2006 liability of $76,400 due to Petitioners' own filings and amendments in relation to a Net Operating Loss (NOL) generated by some of their businesses in 2005; when the NOL accrued in 2005, Petitioners attempted to carry its value forward without formally electing to do so.  *See* 26 U.S.C. § 172(b)(3).  In 2008, Petitioners filed amendments carrying the NOL back to 2003, which resulted in a 2003 overpayment of $206,311.  In the amended return, Petitioners requested that the 2003 overpayment be allocated to the 2006 liability.  Instead, the Internal Revenue Service (IRS) refunded the 2003 overpayment without interest and assessed interest on the 2006 liability.  Petitioners subsequently requested an abatement of the interest charge.  *See* 26 U.S.C. § 6404.  After the IRS denied the abatement request, Petitioners petitioned the United States Tax Court for review.  The Tax Court granted summary judgment to the IRS, and Petitioners took this appeal.  For the reasons stated herein, we affirm the judgment of the Tax Court.

We review the Tax Court's interpretations of the tax code, its legal conclusions, and its decision to grant summary judgment de novo.  *See Ocmulgee Fields, Inc. v. Comm'r*, 613 F.3d 1360, 1364 (11th Cir. 2010); *Packard v. Comm'r*, 746 F.3d 1219, 1221 (11th Cir. 2014) (per curiam).  "Summary judgment is proper

2

if the evidence before the court establishes that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law." *See Packard*, 746 F.3d at 1221–22 (internal quotation marks omitted).  In considering the propriety of summary judgment, we view the facts in the light most favorable to the nonmoving party. *Id.* at 1222.  In reviewing a Tax Court decision, our sole duty is to determine whether the Tax Court committed error. *Comm'r v. McCoy*, 484 U.S. 3, 6, 108 S. Ct. 217, 219 (1987) (per curiam).

"If any amount of tax imposed . . . is not paid on or before the last date prescribed for payment, interest on such amount . . . shall be paid for the period from such last date to the date paid." 26 U.S.C. § 6601(a).  The last date for payment is the due date of the return reporting the tax, determined without regard to extensions. *Id.* § 6151(a).  Interest on unpaid tax obligations is not a penalty for late payment, but merely compensation for delayed payment in the nature of interest on a loan. *See Manning v. Seeley Tube & Box. Co. of N.J.*, 338 U.S. 561, 565–66, 70 S. Ct. 386, 389 (1950).

Generally speaking, a NOL is equal to "the excess of deductions allowed . . . over the gross income." *See* 26 U.S.C. § 172(c).  A NOL may be used as a deduction for the taxable year and is calculated by adding the NOL carryovers for a given year plus the NOL carrybacks for the year. *See id.* § 172(a).  A NOL shall carry back to each of the two taxable years preceding the year of loss, and shall

3

carry forward to each of the 20 taxable years following the loss. *Id.* § 172(b)(1)(A). "The entire amount of the [NOL] for any taxable year . . . shall be carried to the earliest of the taxable years to which . . . such loss may be carried," and the portion then carried to other years "shall be the excess, if any, of the amount of such loss over the sum of the taxable income for each of the prior" carryback or carryover years. *Id.* § 172(b)(2). A taxpayer may elect to waive the two-year carryback period, an election which "shall be made by the due date" (with extensions) for the taxable year of the NOL for which the election is to be in effect, and "shall be" irrevocable once made. *Id.* § 172(b)(3).

Sections 6402 and 6513 govern the allocation of tax overpayment credits. *See* 26 U.S.C. §§ 6402, 6513. Read together, these sections indicate that a taxpayer may claim a credit against a succeeding year, and that the IRS may apply an overpayment to any liability on behalf of a taxpayer who made an overpayment. *See id.* §§ 6402(a), 6513(d). We held in *In re Ryan* that a taxpayer can only "designate the application of overpayments . . . to requesting a credit for the succeeding tax year, and even that request can be refused by the IRS." 64 F.3d 1516, 1523–24 (11th Cir. 1995). Thus, Petitioners could not allocate the 2003 overpayment to the 2006 liability; at most, they could have credited it to 2004.

Section 6404 governs a taxpayer's request for abatement of interest. *See* 26 U.S.C. § 6404.

4

In the case of any assessment of interest on—

(A) any deficiency attributable in whole or in part to any unreasonable error or delay by an officer or employee of the [IRS] (acting in his official capacity) in performing a ministerial or managerial act, or

(B) any payment of any tax described in section 6212(a) to the extent that any unreasonable error or delay in such payment is attributable to such an officer or employee being erroneous or dilatory in performing a ministerial or managerial act,

the [IRS] may abate the assessment of all or any part of such interest for any period.  For purposes of the preceding sentence, an error or delay shall be taken into account only if no significant aspect of such error or delay can be attributed to the taxpayer involved, and after the [IRS] has contacted the taxpayer in writing with respect to such deficiency or payment.

26 U.S.C. § 6404(e)(1).  Subsection 6404(h) further provides that the Tax Court has jurisdiction to determine whether the IRS's abatement determination was an abuse of discretion in any given case.  *See* 26 U.S.C. § 6404(h).  An order of the Tax Court pursuant to § 6404(h) "shall be reviewable in the same manner as a decision of the Tax Court, but only with respect to the matters determined in such order."  *Id.* § 6404(h)(2)(C).

The Tax Court did not err by denying the Petitioners' petition for abatement of interest.  Pursuant to § 6404(e)(1), Petitioners did not qualify for abatement because their own actions contributed significantly to the 2006 liability for which the IRS assessed interest.  In the first instance, Petitioners failed to comply with § 172(b)(3) when they carried their 2005 NOL forward without explicitly electing

5

to do so.  Their subsequent actions in amending their taxes to carry the NOL backward to 2003 may have brought them into compliance with § 172 with respect to NOLs, but the fact that they corrected a previous error of their own does not mean that they are exempt from interest that properly accrued on their 2006 liability.  Accordingly, the Tax Court appropriately declined abatement, and we affirm in this respect.

**AFFIRMED.**