[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-15295
Non-Argument Calendar
_____

Agency No. 016614-16 L


CHRISTOPHER E. HUMINSKI,

Petitioner - Appellant,

versus

COMMISSIONER OF INTERNAL REVENUE,

Respondent - Appellee.

_____

Petition for Review of a Decision of the
U.S. Tax Court
_____

(August 30, 2018)

Before JORDAN, ROSENBAUM, and BRANCH, Circuit Judges.

PER CURIAM:

In this tax appeal, Christopher Huminski, proceeding *pro se*, argues that the Tax Court erred in granting the motion of the Commissioner of Internal Revenue for summary judgment and to permit levy, and in denying his motion to compel discovery. These arguments, however, suffer from the same fatal flaw—Mr. Huminski had notice of his tax liability, but did not timely dispute it. Because the Internal Revenue Code prohibits him from now challenging it in a collection proceeding, s*ee* 26 U.S.C. § 6330(c)(2)(B), we affirm.

## I

On June 22, 2015, the IRS mailed Mr. Huminski a notice of deficiency, alerting him that he failed to report income from 2012 and owed $25,643 in overdue taxes and penalties. The IRS demanded payment in November of 2015, but Mr. Huminski did not pay. In February of 2016, the IRS sent a final notice of intent to levy, to which Mr. Huminski responded by requesting a collection due process hearing. After considering Mr. Huminski's arguments, the Settlement Officer determined that a collection action was appropriate. The Tax Court ultimately granted the Commissioner's motion for summary judgment. It also denied Mr. Huminski's motion to compel discovery into alleged fraud and record falsification.

## II

We review the Tax Court's grant of summary judgment *de novo*, *see Packard v. Comm'r*, 746 F.3d 1219, 1221 (11th Cir. 2014), and the denial of a motion to compel discovery for abuse of discretion, *see Holloman v. Mail-Well Corp.*, 443 F.3d 832, 837 (11th Cir. 2006). We also review challenges to the appropriateness of a collection action for abuse of discretion. *See Roberts v. Comm'r*, 329 F.3d 1224, 1228 (11th Cir. 2003). We read Mr. Huminski's *pro se* brief liberally. *See Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008).

## III

On appeal, Mr. Huminski argues that the IRS engaged in record falsification and other fraud when it determined that he owed a tax deficiency for the year 2012. He suggests that summary judgment was inappropriate because the Tax Court did not permit him to take discovery on the alleged fraud and that he was deprived of the evidence required to prove his case.

These arguments, which challenge "the existence or amount of the underlying tax liability," come too late. *See* 26 U.S.C. § 6330(c)(2)(B). Although taxpayers may raise "any relevant issue relating to the unpaid tax or the proposed levy" during a collection due process hearing, § 6330(c)(2)(A), they *may not* challenge the amount or existence of the underlying tax liability unless they "did not receive any statutory notice of deficiency for such tax liability or did not

3

otherwise have an opportunity to dispute such tax liability," § 6330(c)(2)(B). The record is clear, and Mr. Huminski does not dispute, that he received the June 22, 2015 notice of deficiency. As the notice of deficiency letter he received instructed, his fraud-based challenges had to be made by filing a timely petition with the Tax Court in response to that notice. *See* § 6213(a). He did not do so, nor did he present any other argument as to why collection was not appropriate. *See* § 6330(c)(2)(A) (listing appropriate defenses and issues that may be raised at collection due process hearings). Accordingly, summary judgment was properly granted.

For the same reason, the Tax Court did not abuse its discretion in denying his motion to compel discovery. Mr. Huminski's fraud-based challenges were irrelevant to the collection action because he was prohibited from contesting his underlying tax liability at that stage. *See* § 6330(c)(2)(B).

## IV

For the foregoing reasons, we affirm the rulings of the Tax Court.

**AFFIRMED.**