T.C. Memo. 2010-228

UNITED STATES TAX COURT

PHILIP S. GLOVER, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket Nos. 1350-08, 3931-08,    Filed October 20, 2010.
            5031-08.

Philip S. Glover, pro se.

<u>Timothy B. Heavner</u>, for respondent.

MEMORANDUM OPINION

PARIS, <u>Judge</u>:  Respondent issued separate notices of
deficiency for tax years 2004, 2005, and 2006 (the tax years at
issue), determining deficiencies in petitioner's income tax and

additions to tax under sections 6651(a)(1) and (2) and 6654.[1] Petitioner timely filed separate petitions with the Court for the tax years at issue, challenging the deficiencies and additions to tax.[2]

These cases present five issues: (1) Whether petitioner received taxable income during the tax years at issue that he failed to report, causing deficiencies in income tax; (2) whether petitioner is liable for additions to tax for failing to file returns; (3) whether petitioner is liable for additions to tax for failing to pay taxes; (4) whether petitioner is liable for additions to tax for failing to pay estimated taxes; and (5) whether petitioner is liable for a penalty for asserting a frivolous or groundless position.

## Background

Some of the facts have been stipulated and are found accordingly. The stipulations of facts and the attached exhibits are incorporated herein by this reference. Petitioner resided in Norfolk, Virginia, at the time he filed the petitions.

During the tax years at issue petitioner received payments totaling $52,257.21, $83,532.45, and $77,531.13, respectively,

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code of 1986, as amended and in effect for the tax years at issue.

[2]Per respondent's motion, the Court consolidated all three cases.

for services he performed.  Petitioner received Forms W-2, Wage and Tax Statement, for the payments.  The Forms W-2 listed the amounts of the payments and the amounts withheld for income, Social Security, and Medicare taxes.  Petitioner also received an $849 State tax refund and $10 of interest income in tax year 2004, as well as $14 of interest income in tax year 2005.

Petitioner did not file a Form 1040, U.S. Individual Income Tax Return, for any tax year at issue.[3]  Rather, he prepared a Form 1041, U.S. Income Tax Return for Estates and Trusts, for each tax year at issue and submitted them for filing.[4] Petitioner claims that the Forms 1041 are trust agreements he executed for the tax years at issue.  On each Form 1041, petitioner reported (1) the payments he received for services during the respective tax year as trust income, (2) a $300 exemption,[5] (3) a deduction for fiduciary fees in an amount that zeroed out his tax liability, and (4) the amounts withheld for income, Social Security, and Medicare taxes.  Petitioner requested a refund of the amounts withheld.  Petitioner made no

---

[3]Petitioner did file a Federal income tax return for tax year 2003 reporting a tax liability of $1,679.

[4]Petitioner signed and dated the Forms 1041 for 2004 and 2006 on Nov. 30, 2006, and Dec. 31, 2007, respectively.  He did not sign the Form 1041 for 2005.

[5]A trust required by its governing instrument to distribute all its income in the tax year in which the income is earned is allowed a deduction of $300.  Sec. 642(b)(2)(B).

payments of Federal income tax for the tax years at issue other than the amounts withheld.

Respondent rejected the Forms 1041, claiming that they did not constitute valid returns.[6] Respondent prepared substitutes for returns for the tax years at issue pursuant to section 6020(b) and determined deficiencies and additions to tax based on the section 6020(b) returns.

## Discussion

### I. Taxable Income

Respondent determined that petitioner received taxable wages during the tax years at issue that he failed to report. Under section 61(a)(1), "Compensation for services" and wages constitute gross income. Abrams v. Commissioner, 82 T.C. 403, 407 (1984); see Capps v. Eggers, 782 F.2d 1341, 1343 (5th Cir. 1986); United States v. Romero, 640 F.2d 1014, 1016 (9th Cir. 1981); Rowlee v. Commissioner, 80 T.C. 1111, 1121 (1983). Petitioner received the payments during the tax years at issue for services he performed. He contends, however, that he transferred the payments to a trust and, by doing so, caused the payments to become trust income. The Court rejects petitioner's contention.

---

[6]For tax year 2004 respondent assessed a $500 penalty against petitioner for filing a frivolous income tax return. See sec. 6702(a).

As a general rule, the person who earns income is taxed on the income.  Commissioner v. Culbertson, 337 U.S. 733, 739-740 (1949); United States v. Krall, 835 F.2d 711, 714 (8th Cir. 1987) (citing Vnuk v. Commissioner, 621 F.2d 1318, 1320 (8th Cir. 1980), affg. T.C. Memo. 1979-164).  The true earner may not shift his tax liability for the income by assigning the income to another person or entity, including a trust.[7]  See United States v. Basye, 410 U.S. 441, 447-448 (1973); Helvering v. Horst, 311 U.S. 112, 116-117 (1940); Lucas v. Earl, 281 U.S. 111, 114-115 (1930); United States v. Krall, supra at 714.  A trust without economic substance constitutes a sham for Federal tax purposes and is ignored.[8]  See Zmuda v. Commissioner, 731 F.2d 1417, 1421 (9th Cir. 1984), affg. 79 T.C. 714 (1982); Schulz v. Commissioner, 686 F.2d 490, 494 (7th Cir. 1982), affg. T.C. Memo. 1980-568 and White v. Commissioner, T.C. Memo. 1981-73; Markosian v. Commissioner, 73 T.C. 1235, 1241 (1980); Furman v.

---

[7]The prohibition on assigning income applies even if the assignor does not have tax avoidance as a motive for the assignment.  See Commissioner v. Banks, 543 U.S. 426, 434 (2005); Helvering v. Eubank, 311 U.S. 122, 124-125 (1940).

[8]The Court need not address petitioners' assertion that the Forms 1041 were valid trust agreements.  Even if they were, they would still lack economic substance and constitute shams for Federal tax purposes.  See Markosian v. Commissioner, 73 T.C. 1235, 1242-1243 (1980); Furman v. Commissioner, 45 T.C. 360, 363-364 (1966), affd. per curiam 381 F.2d 22 (5th Cir. 1967); see also O'Donnell v. Commissioner, 726 F.2d 679, 682 (11th Cir. 1984) ("[T]he issue in this case is not the validity of the trust.").

Commissioner, 45 T.C. 360, 364 (1966), affd. per curiam 381 F.2d 22 (5th Cir. 1967). A purported transfer of income to a trust constitutes a sham because it does not change any real economic relationship between the income and the person who earned it. Zmuda v. Commissioner, supra at 1421; Markosian v. Commissioner, supra at 1241; Furman v. Commissioner, supra at 364.

Petitioner received compensation for services (i.e., wages) during the tax years at issue. He maintained complete dominion and control over the wages before and after his purported transfers to the trusts. Thus, the real economic relationship between the wages and the petitioner did not change. Furthermore, because no trust exists for Federal tax purposes, no fiduciary relationship exists to warrant deductions for fiduciary fees or a trust exemption. See Markosian v. Commissioner, supra at 1245-1246. Accordingly, the Court sustains respondent's determination that the wages be included in petitioner's gross income for the tax years at issue.

Respondent also determined, and the Court finds, that petitioner received taxable interest income during tax years 2004 and 2005 that he failed to report. Gross income includes interest income, which generally is fully taxable to the recipient. Sec. 61(a)(4); sec. 1.61-7(a), Income Tax Regs. Petitioner offered no evidence that the interest payments he

received are not taxable to him.  Accordingly, the Court sustains
respondent's determination in this respect.

Respondent also determined that petitioner received taxable
income in tax year 2004 from a state tax refund that he failed to
report.  A state tax refund is generally taxable to a recipient
who deducted the tax for a prior year unless the deduction
provided no Federal tax benefit.  Sec. 111(a); sec. 1.111-1(a),
Income Tax Regs.  Petitioner received a state tax refund in tax
year 2004.  He offered no evidence that the refund he received is
not taxable to him.  Accordingly, the Court sustains respondent's
determination that the refund must be included in income.[9]

## II. Additions to Tax Under Section 6651(a)(1)

Respondent determined that petitioner is liable for an
addition to tax under section 6651(a)(1) for each tax year at
issue.  Section 6651(a)(1) imposes an addition to tax for failure
to file tax returns.  Respondent must produce sufficient evidence

---

[9]Petitioner also contends that he does not owe any tax
because he has "rendered all tribute that the scripture (commonly
referred to as the [H]oly [B]ible) requires * * * [him] to
render."  Petitioner is not exempt from income taxes on religious
or moral grounds.  See Hernandez v. Commissioner, 490 U.S. 680,
699-700 (1989); United States v. Lee, 455 U.S. 252, 260 (1982);
Olsen v. Commissioner, 709 F.2d 278, 281 (4th Cir. 1983), affg.
T.C. Memo. 1982-340; see Russell v. Commissioner, 60 T.C. 942,
947 (1973) ("To allow a taxpayer to choose not to pay a tax
because of * * * [his] religious beliefs * * * would create chaos
and destroy the ability of the Government to raise revenue, to
maintain an orderly society, and to assure national security.").
Thus, petitioner's contention has no merit, and consequently the
Court rejects it.

to show that imposing this addition is appropriate.  See sec. 7491(c); Wheeler v. Commissioner, 127 T.C. 200, 206 (2006) (citing Higbee v. Commissioner, 116 T.C. 438, 446 (2001)), affd. 521 F.3d 1289 (10th Cir. 2008).  Petitioner may avoid this addition by establishing that he had reasonable cause for failing to file and that his failure did not result from willful neglect. See sec. 6651(a)(1); Wheeler v. Commissioner, supra at 207; Higbee v. Commissioner, supra at 447.

Respondent maintains that the Forms 1041 petitioner submitted did not constitute valid returns.  The Court agrees.  A taxpayer must generally use the prescribed form furnished by the Internal Revenue Service (IRS) to file a tax return.  See sec. 6011(a); Commissioner v. Lane-Wells Co., 321 U.S. 219, 223 (1944); Parker v. Commissioner, 365 F.2d 792, 800 (8th Cir. 1966), affg. in part and revg. in part Found. for Divine Meditation, Inc. v. Commissioner, T.C. Memo. 1965-77; sec. 1.6011-1(b), Income Tax Regs.  Courts have sometimes allowed a taxpayer to prepare a return without using the prescribed form, but only when the return:  (1) Provides sufficient data to calculate the taxpayer's tax liability; (2) purports to be a tax return; (3) constitutes an honest and reasonable attempt to satisfy the requirements of the tax law; and (4) is executed under penalties of perjury.  Beard v. Commissioner, 82 T.C. 766, 777 (1984), affd. 793 F.2d 139 (6th Cir. 1986).

The prescribed form for individual income tax returns is Form 1040. Petitioner did not use Forms 1040 for the tax years at issue, and the Forms 1041, regarding income tax for estates and trusts, neither reflected honest and reasonable attempts to comply with the tax law nor provided sufficient data to calculate petitioner's tax liability. Petitioner prepared the Forms 1041 to assign income to a trust and avoid paying tax on wages. To compute petitioner's tax liability on the basis of the Forms 1041, the IRS would have to ignore the line descriptions on the forms, "imagining instead the correct ones from an official Form 1040". Beard v. Commissioner, supra at 779. Thus, respondent has produced sufficient evidence that the addition to tax under section 6651(a)(1) is appropriate. Furthermore, petitioner did not establish that his failure to file was due to reasonable cause and not willful neglect. Accordingly, the Court sustains respondent's determination.

III. Additions to Tax Under Section 6651(a)(2)

Respondent determined that petitioner is liable for an addition to tax under section 6651(a)(2) for each tax year at issue. Section 6651(a)(2) imposes an addition to tax for failure to pay the tax required to be shown on a return. Respondent must produce sufficient evidence to show that imposing this addition is appropriate. See sec. 7491(c); Wheeler v. Commissioner, supra at 206 (citing Higbee v. Commissioner, supra at 446). Petitioner

may avoid this addition by establishing that he had reasonable cause for failing to pay and that his failure did not result from willful neglect. See sec. 6651(a)(2); Wheeler v. Commissioner, supra at 207; Higbee v. Commissioner, supra at 447.

Petitioner made no payments of Federal income tax for any tax year at issue other than the amounts withheld. To support an addition to tax for such failure, respondent must produce sufficient evidence that petitioner filed a return showing his tax liability for each tax year at issue. See Wheeler v. Commissioner, supra at 210. As noted above, the Forms 1041 petitioner filed do not constitute valid tax returns. Respondent, however, properly created a substitute for return on petitioner's behalf for each tax year at issue. See sec. 6020(b). A substitute for return constitutes "the return filed by the taxpayer" when determining an addition to tax under section 6651(a)(2). Sec. 6651(g)(2); Wheeler v. Commissioner, supra at 208-209; Cabirac v. Commissioner, 120 T.C. 163, 170 (2003). Thus, respondent has produced sufficient evidence that the addition to tax under section 6651(a)(2) is appropriate. Petitioner did not establish that his failure to pay was due to reasonable cause and not willful neglect. Accordingly, the Court sustains respondent's determination.

IV. Additions to Tax Under Section 6654

Respondent determined that petitioner is liable for an addition to tax under section 6654(a) for each tax year at issue. Section 6654(a) imposes an addition to tax on an individual who underpays his estimated tax[10] for a given tax year.  This addition applies if the individual does not make required installment payments for that tax year.[11]  See sec. 6654(a), (c). Each required installment payment equals 25 percent of the "required annual payment."  Sec. 6654(d)(1)(A).  The required annual payment equals the lesser of (1) 90 percent of the tax shown on the individual's return for the tax year at issue (or, if he files no return, 90 percent of his actual tax liability for that tax year); or (2) if he filed a return for the preceding tax year, 100 percent of the tax shown on the preceding tax year's return.[12]  Sec. 6654(d)(1)(B).

---

[10]The tax consists of the individual's income and self-employment tax.  Sec. 6654(f)(1) and (2).  It is determined before applying the credit for withheld wages but after applying other allowable credits.  Sec. 6654(f)(3).

[11]In other words, an underpayment occurs if the required installment payment exceeds any actual installment payment(s) paid on or before the required installment payment's due date. Sec. 6654(b)(1).  Withheld tax constitutes payment, and an equal amount of the withholding credit is deemed to be paid on each required installment payment's due date.  Sec. 6654(g)(1).

[12]If the individual's adjusted gross income shown on the preceding tax year's return exceeds $150,000, a higher percentage may apply.  Sec. 6654(d)(1)(C)(I).  Petitioner's adjusted gross income did not exceed $150,000 for any tax year at issue or for

(continued...)

To hold petitioner liable for this addition to tax, respondent must produce sufficient evidence showing that the addition is appropriate.  See sec. 7491(c); <u>Wheeler v. Commissioner</u>, 127 T.C. at 206 (citing <u>Higbee v. Commissioner</u>, 116 T.C. at 446).  Specifically, respondent must produce evidence showing that petitioner had a required annual payment for each tax year at issue.  See sec. 6654(d)(1)(B); <u>Wheeler v. Commissioner</u>, <u>supra</u> at 211.  An individual has a required annual payment for a given tax year if he (1) files a return for that tax year or, if not, has an actual tax liability for that tax year and, (2) if he filed a return for the preceding tax year, reported a tax liability on the preceding year's return.  See sec. 6654(d)(1)(B); <u>Wheeler v. Commissioner</u>, <u>supra</u> at 211-212.

For tax year 2004 petitioner failed to file a return and make required installment payments.  He had an actual tax liability for that tax year that he has not paid.  Petitioner did file a return for tax year 2003, the preceding tax year, reporting a tax liability of $1,679.00.  Thus, respondent has produced sufficient evidence showing that petitioner had a required annual payment for tax year 2004.  See <u>Wheeler v. Commissioner</u>, <u>supra</u> at 211-212; <u>Hawkins v. Commissioner</u>, T.C. Memo. 2008-168.

---

[12](...continued)
tax year 2003, the tax year immediately preceding the first tax year at issue.  Thus, no higher percentage applies.

For tax years 2005 and 2006 petitioner failed to file returns and make required installment payments. He had actual tax liabilities for those tax years that he has not paid. Furthermore, petitioner did not file returns for tax years 2004 and 2005, the preceding tax years. Thus, respondent has produced sufficient evidence that petitioner had a required annual payment of estimated tax for tax years 2005 and 2006. See Wheeler v. Commissioner, supra at 211-212; Hawkins v. Commissioner, supra. Therefore, respondent met his burden under section 7491(c) regarding petitioner's liability for the addition to tax under section 6654(a). See Wheeler v. Commissioner, supra at 211-212; Hawkins v. Commissioner, supra.

Because respondent met his burden, petitioner is liable for this addition to tax unless a statutorily prescribed exception applies. See sec. 6654(a), (e); Cabirac v. Commissioner, supra at 170 (citing Grosshandler v. Commissioner, 75 T.C. 1, 20-21 (1980)). The individual may not avoid this addition by showing reasonable cause. Estate of Ruben v. Commissioner, 33 T.C. 1071, 1072 (1960) ("This section has no provision relating to reasonable cause and lack of willful neglect. It is mandatory and extenuating circumstances are irrelevant.").

Petitioner does not fit within any exception listed in section 6654(e). As noted above, the Court sustains respondent's determinations regarding petitioner's deficiencies for the tax

years at issue.  Thus, petitioner's tax for those tax years, even after applying allowable withholding credits, exceeds $1,000. See sec. 6654(e)(1).  Furthermore, petitioner reported a tax liability of $1,679 for tax year 2003.  Thus, petitioner had a "liability for tax" for all tax years that qualify as "preceding * * * [tax years]".[13]  See sec. 6654(e)(2)(B).  Respondent did concede that the addition for tax year 2004 is $39.49 rather than the amount listed on the notice of deficiency.  Accordingly, the Court sustains respondent's determination for tax year 2004 in accordance with his concession and otherwise sustains his determinations for tax years 2005 and 2006.

V. Frivolous Argument Penalty Under Section 6673

Section 6673(a)(1) authorizes the Court to impose a penalty of up to $25,000 on petitioner if it appears that petitioner's position in this proceeding is frivolous or groundless.  See Abrams v. Commissioner, 82 T.C. 403, 410 (1984).  Petitioner's position in these cases is frivolous.  Litigants who advance such arguments invite sanctions.  Lonsdale v. Commissioner, 661 F.2d 71, 72 (5th Cir. 1981), affg. T.C. Memo. 1981-122.  Therefore,

---

[13]The tax years at issue are 2004, 2005, and 2006.  Thus, the tax years that qualify as preceding tax years are 2003, 2004, and 2005, respectively.

the Court warns petitioner that, if he renews such arguments, he may be subject to a penalty of up to $25,000.

To reflect the foregoing and the concessions of the parties,

<u>Decisions will be entered for respondent</u>.