T.C. Summary Opinion 2017-33

UNITED STATES TAX COURT

PAUL NISKI, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 1689-13S L.                    Filed May 23, 2017.

<u>Barry Lewis Weisman</u> and <u>William R. Moriarty</u>, for petitioner.

<u>Derek W. Kelley</u>, <u>Janet F. Appel</u>, <u>Kimberly A. Kazda</u>, and <u>Nina P. Ching</u>, for respondent.

SUMMARY OPINION

LEYDEN, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect when the

petition was filed.[1]  Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

In this collection due process (CDP) case petitioner seeks the Court's review pursuant to sections 6320(c) and 6330(d)(1) of respondent's determination to uphold a notice of Federal tax lien filing relating to petitioner's unpaid Federal income tax liabilities for 2003, 2004, 2005, and 2007.  The issues for decision[2] are:  (1) whether petitioner can dispute the underlying tax liabilities[3] for the years at issue; (2) if so, whether petitioner is liable for additions to tax under section 6651(a)(1) for failure to timely file a tax return (failure to timely file) and section

---

[1]All section references are to the Internal Revenue Code in effect for the relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure, unless otherwise indicated.

[2]Petitioner did not raise in his petition the issue of whether respondent abused his discretion in rejecting petitioner's requested collection alternatives--an installment agreement and the withdrawal of the notice of Federal tax lien.  That issue is deemed conceded.  See Rule 331(b)(4) ("Any issue not raised in the assignments of error shall be deemed to be conceded.").

[3]Petitioner does not dispute that an overpayment of $5,924 that he claimed on the 2002 tax return "cannot be used to eliminate the tax due" for 2003 or 2004 and "cannot be used to reduce the tax due" for 2005.  Petitioner also does not dispute that an overpayment of $5,081 that he claimed on the 2006 tax return "cannot be used to reduce the tax due" for 2007.  The only underlying tax liabilities still in dispute are the additions to tax under secs. 6651(a)(1) and (2) and 6654(a).

6651(a)(2) for failure to timely pay the tax shown on a tax return (failure to timely pay) for 2003, 2004, 2005, and 2007 and an addition to tax under section 6654(a) for the underpayment of estimated tax for 2007; and (3) whether respondent abused his discretion in not abating interest for 2003, 2004, 2005, and 2007.

For the reasons stated herein, the Court holds that: (1) petitioner can dispute the underlying tax liabilities for the years at issue; (2) petitioner is liable for the additions to tax under section 6651(a)(1) and (2) for 2003, 2004, 2005, and 2007 and the addition to tax under section 6654(a) for 2007; and (3) respondent did not abuse his discretion in not abating the interest for 2003, 2004, 2005, and 2007.

## Background

This case was submitted fully stipulated pursuant to Rule 122. The stipulation of facts and the attached exhibits are incorporated herein by this reference. At the time he timely filed his petition, petitioner resided in Massachusetts.

I.      Petitioner's 2002, 2003, 2004, 2005, 2006, and 2007 Tax Returns

Petitioner filed his Federal individual income tax returns for 2002, 2003, 2004, 2005, 2006, and 2007 late.[4]  Respondent received the late-filed tax returns on July 11, 2011.  Petitioner reported the following on those tax returns:

| Item | 2002 | 2003 | 2004 | 2005 | 2006 | 2007 |
|------|------|------|------|------|------|------|
| Total tax[1] | $949 | $1,694 | $3,449 | $13,021 | $2,949 | $21,894 |
| Payment:  Federal income tax withholding | 6,873 | -0- | -0- | -0- | -0- | -0- |
| Payment:  Prior-year claimed overpayment | -0- | 5,924 | 4,230 | 781 | -0- | 5,081 |
| Payment with extension | -0- | -0- | -0- | 8,000 | 8,000 | 8,000 |
| Federal telephone excise tax credit | -0- | -0- | -0- | -0- | 30 | -0- |
| Tax due or current-year claimed overpayment | (5,924) | (4,230) | (781) | 4,240 | (5,081) | 8,813 |

[1]The term "total tax" refers to the tax calculated by petitioner before the application of Federal income tax withholding credits, payments made with the requested extensions to   file, or any prior-year claimed overpayments.

The prior-year claimed overpayments that petitioner applied against the 2003, 2004, and 2005 total tax were the remaining balances from the claimed

[4]For all these tax returns petitioner filed Forms 4868, Application for Automatic Extension of Time To File U.S. Individual Income Tax Return, extending the time to file until October 15 of the filing year.  All the tax returns were filed well after the extended filing dates.

overpayment from 2002 of $5,924. On the 2006 late-filed tax return petitioner directed respondent to apply the claimed overpayment from 2006 of $5,081 against the total tax for 2007. Respondent, however, did not apply the claimed overpayments from 2002 or 2006 against petitioner's total tax for any of the subsequent years because respondent determined that the claimed overpayments from 2002 and 2006 were time-barred claims for refund. Respondent assessed the total tax petitioner reported on the 2003, 2004, 2005, and 2007 tax returns, minus the 2005 and 2007 extension payments, and calculated additions to tax and interest in the following amounts:[5]

|  | Additions to tax | | | |
| Year | Sec. 6651(a)(1) | Sec. 6651(a)(2) | Sec. 6654(a) | Interest |
| --- | --- | --- | --- | --- |
| 2003 | $381.15 | $423.50 | -0- | $1,070.04 |
| 2004 | 776.02 | 862.25 | -0- | 1,851.60 |
| 2005 | 1,129.72 | 1,255.25 | -0- | 2,079.51 |
| 2007 | 3,126.15 | 2,760.14 | $149.14 | 2,540.00 |

[5]For 2002 respondent applied the Federal income tax withholding of $6,873 as a credit against the assessed total tax of $949 and reduced petitioner's tax due to zero. For 2006 respondent assessed a total tax of $2,949 and an addition to tax under sec. 6654(a) of $139.55. Respondent applied petitioner's 2006 extension payment against the assessed total tax and addition to tax for 2006 and reduced petitioner's tax due for 2006 to zero.

Respondent sent notice and demand for payment letters (notices of balance due) to petitioner's last known address for 2003, 2004, 2005, and 2007.

II.   Notice of Federal Tax Lien Filing

On July 10, 2012, respondent sent petitioner a Notice of Federal Tax Lien Filing and Your Right to a Hearing Under IRC 6320 (notice of Federal tax lien) with respect to the 2003, 2004, 2005, and 2007 tax liabilities.  Petitioner timely filed a Form 12153, Request for Collection Due Process or Equivalent Hearing,[6] requesting an installment agreement or withdrawal of the notice of Federal tax lien as collection alternatives.  In an attachment petitioner asserted:  "There is now a substantive issue regarding the treatment of certain payments reflected on these returns, which issue is pending at Boston Appeals.  Resolution of that matter in * * * [petitioner]'s favor would effectively eliminate the amounts that the Internal Revenue Service has asserted are due."  The Internal Revenue Service Office of Appeals (Appeals Office) settlement officer (settlement officer) could not find, and the record does not confirm the existence of, any pending action with "Boston Appeals" at the time petitioner filed the Form 12153.

---

[6]The Form 12153 was signed by petitioner's attorney, Barry L. Weisman, as petitioner's authorized representative.  Mr. Weisman represented petitioner during the CDP proceedings.

By a letter dated October 3, 2012, the Appeals Office informed petitioner that his case had been received for consideration. By a letter dated October 17, 2012, the settlement officer assigned to petitioner's case informed petitioner that she had scheduled a telephone CDP hearing for November 27, 2012. In that letter the settlement officer requested that petitioner submit by October 31, 2012: (1) a Form 433-A, Collection Information Statement for Wage Earners and Self-Employed Individuals, with supporting documentation for the last three months and (2) a signed, original tax return for 2011. The settlement officer informed petitioner she could not consider the collection alternatives without the requested information. Petitioner did not submit the requested information by the deadline.

On November 27, 2012, the settlement officer conducted the CDP hearing. During the CDP hearing petitioner: (1) did not raise any collection alternatives, including the installment agreement or the withdrawal of the notice of Federal tax lien requested on the Form 12153; (2) told the settlement officer he was sending four checks for the remaining unpaid total tax for 2003, 2004, 2005, and 2007; and (3) argued he should not be required to pay the additions to tax and the interest. Petitioner argued that even though the claimed overpayments from 2002 and 2006 could not be applied as payments to his 2003, 2004, 2005, and 2007 tax liabilities,

respondent nonetheless had the moneys from the claimed overpayments from 2002 and 2006. Petitioner has referred to this argument as the "use of monies" theory.

During the CDP hearing the settlement officer: (1) explained that petitioner was liable for the additions to tax and the interest because he had filed the tax returns claiming credits for the claimed overpayments from 2002 and 2006 more than three years after their due dates and (2) notified petitioner she would not abate the additions to tax[7] unless he proved reasonable cause for filing the tax returns and paying the tax late.

Petitioner argued that he had proven reasonable cause for his failure to timely file and failure to timely pay because respondent already had the use of the moneys from the claimed overpayments from 2002 and 2006 when he filed his 2003, 2004, 2005, and 2007 tax returns. The settlement officer determined that petitioner did not have reasonable cause. Petitioner requested that the settlement officer ask her manager to review his request for abatement of the additions to tax and the interest.

After the CDP hearing petitioner sent the settlement officer a letter which included four checks to pay "the principal amounts of federal income tax" for

---

[7]Petitioner and the settlement officer discussed abatement of the additions to tax generally without referencing for which addition to tax the abatement was requested.

2003, 2004, 2005, and 2007.[8]  Petitioner did not pay the additions to tax for failure to timely file and failure to timely pay under section 6651(a)(1) and (2) for 2003, 2004, 2005, and 2007; the addition to tax for the underpayment of estimated tax under section 6654(a) for 2007; and the interest for 2003, 2004, 2005, and 2007.

Petitioner acknowledged that the tax due reflected the disallowed claimed overpayments from 2002 and 2006 and that the additions to tax and the interest were calculated as of the due dates of the tax returns.  However, petitioner argued that the "penalties"[9] and the interest for 2003 and 2004 should be abated in full and the "penalties" and the interest for 2005 and 2007 should be adjusted because:

> It is uncontroverted that long before the 2003 and 2004 returns were
> due, * * * [Internal Revenue Service] had in its hands more than

---

[8]For 2003 and 2004 petitioner paid $1,694 and $3,449, the total tax reported for 2003 and 2004, respectively, on November 29, 2012.  For 2005 petitioner paid a total of $17,021 as follows:  (1) $8,000 on April 15, 2006, with his request for an extension of time to file the 2005 tax return; (2) $4,240 on July 11, 2011, with the 2005 tax return; (3) $4,000 on March 9, 2012; and (4) $781 on November 29, 2012.  Respondent applied the amount paid in excess of the total tax reported for 2005 against a portion of the assessed additions to tax for 2005.  For 2007 petitioner paid a total of $21,894 as follows:  (1) $8,000 on April 15, 2008, with his request for an extension of time to file the 2007 tax return; (2) $8,813 on July 11, 2011, with the 2007 tax return; and (3) $5,081 on November 29, 2012.  Petitioner's payments for 2007 equaled the total tax reported on the late-filed 2007 return.

[9]Petitioner used the term "penalties" to refer to the additions to tax for failure to timely file and failure to timely pay under sec. 6651(a)(1) and (2) and for the underpayment of estimated tax under sec. 6654(a).

enough money to cover the entire liability for * * * [2003 and 2004]. And there was $781 left over which was available for 2005. Similarly, the amount that had been timely paid in for 2006 exceeded the 2006 liability by $5,081.

*      *      *      *      *      *      *

And, what greater justification for relief from statutory additions could there be than the fact that the money was already in the hands of the intended recipient.

On November 30, 2012, the settlement officer's team manager (team manager) called petitioner's attorney and discussed petitioner's request for abatement of the additions to tax and the interest for 2003, 2004, 2005, and 2007. The team manager determined petitioner was not entitled to an abatement of the additions to tax or the interest for the years at issue.

After that telephone conversation petitioner sent a letter to the team manager asking her to reconsider her decision not to "abate the penalties and interest" for 2003, 2004, 2005, and 2007. Petitioner argued:

Clearly, the Government had from * * * [petitioner], before the 2002 return was due, enough money to pay all the tax due for 2002, 2003, 2004, and part of 2005 ($781). Also, the Government had enough money from * * * [petitioner], before the 2006 return was due, to pay all of the tax due for 2006, plus part of the tax due for 2007 ($5,081). There is no dispute about these numbers, or the timing of the payments.

Because * * * [petitioner]'s returns were filed late, he was not allowed to use the overpayments to offset the principal amount of tax

due.  We do not contest that, and, in fact, * * * [petitioner] has paid the tax a second time.

But, in these circumstances, there is no justification for making him pay a third time.  It is not a matter of "reasonable cause."  There is no reason to seek an excuse for the delinquency because in terms of the money having been available to the Government, no delinquency exists.  And, that is why the requested abatements of penalties and interest should be granted.

* * * [Petitioner] has rejoined the system.  He did so voluntarily after much personal anguish.  He has paid the tax in question twice.  To impose penalties and interest on top of that violates reason, fairness, and the Treasury Regulations.

The settlement officer issued a notice of determination on December 20, 2012, sustaining the filing of the notice of Federal tax lien for 2003, 2004, 2005, and 2007.  The settlement officer rejected petitioner's request for abatement of the additions to tax and the interest because petitioner had filed the tax returns more than three years after they were due and had not proven reasonable cause for filing the tax returns and paying the tax late.  Further, the notice of determination indicated that the settlement officer did not consider an installment agreement, an offer-in-compromise, or placement in currently not collectible status because petitioner had not provided the requested financial information.

## Discussion

I.    Jurisdiction and Standard of Review

This Court has jurisdiction under section 6330(d) to review the Commissioner's administrative determinations to sustain the filing of a notice of Federal tax lien.  Sec. 6330(d)(1); see sec. 6320(c); Iannone v. Commissioner, 122 T.C. 287, 290 (2004).

Where the underlying tax liability is properly at issue, the Court reviews the determination regarding the underlying tax liability de novo.  Goza v. Commissioner, 114 T.C. 176, 181-182 (2000).  The Court reviews all other determinations for abuse of discretion.  Id. at 182.

### A.    Underlying Tax Liabilities--Additions to Tax

The underlying tax liabilities that petitioner challenges are the additions to tax assessed against the self-reported total tax for 2003, 2004, 2005, and 2007. The term "underlying tax liability" in section 6330(c)(2)(B) includes any amount owed by a taxpayer pursuant to the tax laws, including additions to tax.  Katz v. Commissioner, 115 T.C. 329, 339 (2000).

The Court reviews respondent's determination regarding the underlying tax liabilities de novo because petitioner did not receive a notice of deficiency for the years at issue, did not have a prior opportunity to challenge the additions to tax,

and properly raised the issue of the underlying tax liabilities during the CDP hearing. See sec. 6330(c)(2)(B); Sego v. Commissioner, 114 T.C. 604, 610 (2000); Goza v. Commissioner, 114 T.C. at 182; sec. 301.6320-1(e)(3), Q&A-E2, Proced. & Admin. Regs. The Court has jurisdiction to consider a taxpayer's tax liabilities for years that are not the subject of a notice of determination insofar as they are relevant to computing his tax liability for the years that are the subject of the notice of determination. Sec. 6214(b); see Freije v. Commissioner, 125 T.C. 14, 27 (2005).

B.     Abatement of Interest

The Court has jurisdiction to review the Commissioner's determinations with regard to interest that is subject to the Commissioner's collection activities. Gray v. Commissioner, 138 T.C. 295, 304-305 (2012); Katz v. Commissioner, 115 T.C. at 340-341. The Court applies an abuse of discretion standard in reviewing the Commissioner's failure to abate interest. Krugman v. Commissioner, 112 T.C. 230, 239 (1999); Woodral v. Commissioner, 112 T.C. 19, 23 (1999) ("The Commissioner's power to abate an assessment of interest involves the exercise of discretion, and we shall give due deference to the Commissioner's discretion."). In order to prevail a taxpayer must prove that the Commissioner exercised his

discretion arbitrarily, capriciously, or without sound basis in fact or law in failing to abate interest. Lee v. Commissioner, 113 T.C. 145, 149 (1999).

II.     Additions to Tax Under Section 6651(a)(1) and (2)

Respondent assessed additions to tax for failure to timely file and failure to timely pay under section 6651(a)(1) and (2) for 2003, 2004, 2005, and 2007. The Commissioner bears the burden of production with respect to any addition to tax. Sec. 7491(c). The Court concludes that respondent has met his burden of production for the additions to tax under section 6651(a)(1) and (2) for 2003, 2004, 2005, and 2007.

Section 6651(a)(1) imposes an addition to tax for a taxpayer's failure to file a required tax return on or before the specified filing date, including extensions. The Commissioner satisfies his burden of production for an addition to tax for failure to timely file by providing sufficient evidence to show that the taxpayer filed his tax returns late. Wheeler v. Commissioner, 127 T.C. 200, 207-208 (2006), aff'd, 521 F.3d 1289 (10th Cir. 2008); Higbee v. Commissioner, 116 T.C. 438, 447 (2001). The record includes the tax returns for 2003, 2004, 2005, and 2007 that were required to be filed but were filed past the extended due dates. Respondent has therefore met his burden of production with respect to the

additions to tax for failure to timely file under section 6651(a)(1) for 2003, 2004, 2005, and 2007.

Section 6651(a)(2) imposes an addition to tax for failure to pay the amount shown as tax on a required tax return on or before the specified payment date, including extensions of time for payment. The Commissioner satisfies his burden of production for an addition to tax for failure to timely pay by providing sufficient evidence to show that a taxpayer paid the amount required to be shown on a tax return for the year at issue after the due date. Wheeler v. Commissioner, 127 T.C. at 210; Glover v. Commissioner, T.C. Memo. 2010-228, 2010 Tax Ct. Memo LEXIS 262, at *11. Barred overpayments may not be credited against the tax required to be shown on a tax return for purposes of the additions to tax under section 6551(a)(1) and (2). Mason v. Commissioner, T.C. Memo. 2001-58, 2001 Tax Ct. Memo LEXIS 75, at *18. Petitioner does not dispute that the claimed overpayments from 2002 and 2006 were untimely and that section 6511(b)(2)(A) precluded the claimed overpayments from being credited against the total tax, the tax required to be shown on the tax returns, reported on the 2003, 2004, 2005, and 2007 tax returns. Petitioner paid the total tax in full for 2003 and 2004 and portions of the total tax for 2005 and 2007 after the due dates. See supra note 8. Therefore, respondent has met his burden of production with respect to the

additions to tax for failure to timely pay under section 6651(a)(2) for 2003, 2004, 2005, and 2007.

The burden of showing reasonable cause under section 6651(a)(1) and (2) remains with petitioner. See Higbee v. Commissioner, 116 T.C. at 446-448. A taxpayer is not liable for an addition to tax for failure to timely file a tax return or an addition to tax for failure to timely pay the tax shown on a tax return if he shows the untimeliness or failure is due to reasonable cause and not due to willful neglect. Sec. 6651(a)(1) and (2); Higbee v. Commissioner, 116 T.C. at 447. "If the taxpayer exercised ordinary business care and prudence and was nevertheless unable to file the return within the prescribed time, then the delay is due to a reasonable cause." Sec. 301.6651-1(c)(1), Proced. & Admin. Regs. The taxpayer can show that he did not act with "willful neglect" if he can "prove that the late filing did not result from a 'conscious, intentional failure or reckless indifference.'" Niedringhaus v. Commissioner, 99 T.C. 202, 221 (1992) (quoting United States v. Boyle, 469 U.S. 241, 245-246 (1985)). To prove reasonable cause for failure to timely pay the amount shown as tax on a tax return, the taxpayer must show that he exercised ordinary business care and prudence in providing for the payment of his tax liability and nevertheless was either unable to

pay the tax or would suffer undue hardship if he paid the tax on the due date.  Sec. 301.6651-1(c)(1), Proced. & Admin. Regs.

Petitioner does not allege reasonable cause in his petition, nor does he discuss it in his posttrial brief.  Issues not addressed in petitioner's petition are deemed conceded, and issues not addressed in petitioner's brief may be deemed conceded.  See Rule 331(b)(4) ("Any issue not raised in the assignments of error shall be deemed to be conceded."); Rule 151(e)(4) and (5) (requiring that a party's brief state the points and arguments on which he relies); McLaine v. Commissioner, 138 T.C. 228, 243 (2012) (finding that the taxpayer abandoned his claim by failing to raise the issue in his briefs).

Even if the issue were not deemed conceded, petitioner has not asserted or submitted any evidence to show that he had reasonable cause for filing the tax returns or paying the tax due late for 2003, 2004, 2005, and 2007.  Petitioner has also not asserted or submitted evidence showing that his failure to timely file and failure to timely pay were not due to willful neglect for the years at issue.  Rather, petitioner indicated in his letter to the settlement officer that "[i]t is not a matter of 'reasonable cause.'  There is no reason to seek an excuse for the delinquency because in terms of the money having been available to the Government, no delinquency exists."  The Court concludes that petitioner has neither asserted nor

proven that reasonable cause existed for the late filing of the tax returns or the late payment of the tax shown on the tax returns. Therefore, petitioner is liable for the additions to tax under section 6651(a)(1) and (2) for 2003, 2004, 2005, and 2007.

III.    Addition to Tax Under Section 6654(a)

Respondent also assessed an addition to tax for the underpayment of estimated tax under section 6654(a) for 2007. Section 6654(a) imposes an addition to tax on an underpayment of estimated income tax unless an exception applies. See sec. 6654(e). A taxpayer has an obligation to pay estimated tax only if he or she has a "required annual payment". Wheeler v. Commissioner, 127 T.C. at 212. The required annual payment is equal to the lesser of: (1) 90% of the tax shown on the taxpayer's tax return for that year (or, if no return is filed, 90% of the tax for such year), see sec. 6654(d)(1)(B)(i), or (2) if the taxpayer filed a tax return for the immediately preceding taxable year, 100%[10] of the tax shown on that tax return, see sec. 6654(d)(1)(B)(ii). The amount of the underpayment under section 6654(a) is the excess of the required installment of estimated tax over the amount of the installment paid on or before the due date of the installment. Sec. 6654(b)(1).

_____

[10]The applicable percentage with respect to petitioner is 100% because the adjusted gross income on the 2007 tax return was less than $150,000. See sec. 6654(d)(1)(C).

If a taxpayer challenges the section 6654(a) addition to tax, the Commissioner must introduce evidence to prove that the taxpayer had an obligation to make estimated tax payments for the year at issue by showing whether the taxpayer filed a tax return for the prior year and, if so, the amount of tax shown on that tax return. Secs. 6654(d)(1)(B), 7491(c); Wheeler v. Commissioner, 127 T.C. at 212. Petitioner filed a tax return for 2006 that showed tax of $2,949. Petitioner filed a tax return for 2007 that showed tax of $21,894. Petitioner's required annual payment for 2007 was $2,654.10, 90% of the tax for 2006, which is less than 100% of the tax for 2007. Petitioner did not pay any estimated tax for 2007 on or before the due dates of the installments. Respondent has therefore satisfied his burden of production as to the addition to tax for the underpayment of estimated tax for 2007.

The addition to tax under section 6654(a) is mandatory regardless of extenuating circumstances or reasonable cause unless a taxpayer can place himself under one of the exceptions provided in that section. Grosshandler v. Commissioner, 75 T.C. 1, 21 (1980); Estate of Ruben v. Commissioner, 33 T.C. 1071, 1071 (1960). Section 6654(e) provides three exceptions to the applicability of the section 6654(a) addition to tax. First, the addition to tax is not applicable if the tax shown on the taxpayer's tax return for the year in question (or, if no tax

return is filed, the taxpayer's tax for that year), reduced by any allowable credit for wage withholding, is less than $1,000. Sec. 6654(e)(1). Second, the addition to tax is not applicable if the taxpayer's liability for tax for the preceding year was zero. Sec. 6654(e)(2). Third, the addition to tax may be waived under two circumstances: (1) if a casualty, a disaster, or other unusual circumstances would make it inequitable or against good conscience to impose the addition to tax or (2) if the taxpayer has retired after attaining the age of 62 or become disabled and the underpayment of estimated tax was due to reasonable cause and not willful neglect. Sec. 6654(e)(3)(A) and (B).

On the basis of the record, none of these exceptions applies. Thus, petitioner is liable for the section 6654(a) addition to tax for 2007. See sec. 6654(a), (e); Grosshandler v. Commissioner, 75 T.C. at 21; Estate of Ruben v. Commissioner, 33 T.C. at 1072.

The amount of estimated tax for purposes of determining the addition to tax under section 6654(a) is reduced by the amount of allowable overpayment credits. Sec. 6654(f)(3). An overpayment may not be credited against estimated tax for a subsequent taxable year unless the claim for credit was filed within the period set forth in section 6511. See Stephenson v. Commissioner, T.C. Memo. 1995-32, 1995 Tax Ct. Memo LEXIS 35, at *7.

As previously discussed, petitioner does not dispute that the claim for the credit of the overpayment for 2006 was untimely and barred under section 6511(b)(2)(A). Therefore, the barred claimed overpayment from 2006 did not reduce the amount of estimated tax due for 2007. Petitioner thus failed to timely pay the estimated tax for 2007 and is liable for the addition to tax under section 6654(a).

IV.    Petitioner's Equitable Argument Regarding the Additions to Tax

Petitioner argues that it is inequitable for respondent to assess the additions to tax because the disallowed claimed overpayments from 2002 and 2006 were moneys in respondent's hands. Petitioner asserts that not counting the claimed overpayments from 2002 and 2006 in calculating the additions to tax "is harsher than * * * [the treatment] imposed upon a person determined to have filed a fraudulent return" because petitioner has paid his taxes twice. Petitioner concedes that there are not any reported cases on point to support his arguments.

The Court understands petitioner's assertion to be that for purposes of the additions to tax, the claimed overpayments from 2002 and 2006 should be considered the first time he paid the tax due for 2003, 2004, 2005, and 2007 and that his subsequent payments, see supra note 8, in satisfaction of the tax due for each of those years should be considered the second time he paid the tax due.

Congress set forth very specific rules for when tax is paid or not paid and when additions to tax, penalties, and interest should be charged or not charged. Larkin v. Commissioner, T.C. Memo. 2014-195, at *20-*21, aff'd, 626 F. App'x 913 (11th Cir. 2015). "[A] tax for a particular year is not paid by money generally held by the IRS, but rather by money assigned as payment of the tax for that year." FleetBoston Fin. Corp. v. United States, 483 F.3d 1345, 1350 (Fed. Cir. 2007).

Whether or not the barred claimed overpayments from 2002 and 2006 are characterized as moneys generally in respondent's hands, they are not considered payments for purposes of calculating the additions to tax. The Court is bound by the strict terms of the statutory provisions that limit credits or refunds for overpayments to those properly claimed within three years of the date they are paid. Landry v. Commissioner, 116 T.C. 60, 62-63 (2001); see sec. 6511(b)(2)(A). As a matter of law amounts paid or deemed paid more than three years before a tax return claiming them is filed cannot reduce or eliminate the additions to tax. See Mason v. Commissioner, 2001 Tax Ct. Memo LEXIS 75, at *18; Stephenson v. Commissioner, 1995 Tax Ct. Memo LEXIS 35, at *7.

V.    Interest

Respondent also assessed interest for which petitioner is liable for 2003, 2004, 2005, and 2007. Section 6601(a) provides that if a taxpayer fails to pay the

tax imposed, then interest shall accrue from the date that the tax payment is due until the date it is paid. Petitioner does not dispute that respondent properly disallowed the claimed overpayments from 2002 and 2006 under section 6511(b)(2)(A). The tax at issue for 2003, 2004, 2005, and 2007 was therefore not paid when due. Rather, the tax was fully paid as of the time petitioner submitted four checks after the CDP hearing. See supra note 8. The additions to tax were also not paid when due and remain unpaid. Therefore, respondent properly assessed the interest on the balances due for the years at issue.

During the CDP hearing and in his petition, petitioner raised vague and general challenges to the assessed interest. The Court generally lacks jurisdiction "over issues concerning interest computed under section 6601." Urbano v. Commissioner, 122 T.C. 384, 390 (2004). The Court has jurisdiction under section 6404(h)(1) to review for abuse of discretion the Commissioner's refusal to abate interest under section 6404. Woodral v. Commissioner, 112 T.C. at 22-23. However, petitioner has neither argued nor shown that section applies.

Instead, petitioner generally argues that the assessment of the interest is inappropriate because respondent had the use of the moneys--namely the 2002 Federal income tax withholding and the 2006 extension payment. This is the same equitable argument petitioner asserted regarding the additions to tax. As

previously discussed, Congress has set forth very specific rules for when tax is paid or not paid and when the interest should be charged or not charged. See supra p. 22. As previously discussed, see supra note 3, the claimed overpayments from 2002 and 2006 were not payments against the total tax for 2003, 2004, 2005, or 2007. Even if respondent did have moneys in the amounts of the claimed overpayments, as petitioner argues, Congress has not provided any specific or general rules allowing or mandating respondent to apply the moneys that constituted the expired credits for overpayments to eliminate or reduce the interest assessed against the tax liabilities at issue. See Larkin v. Commissioner, at *20-*21.

Petitioner cites three cases, Avon Prods., Inc. v. United States, 588 F.2d 342 (2d Cir. 1978); May Dep't Stores Co. & Subs. v. United States, 36 Fed. Cl. 680 (1996); and Sequa Corp. v. United States, No. 95-2086 (KMW), 1998 U.S. Dist. LEXIS 8556 (S.D.N.Y. June 8, 1999), as authority for his position that respondent should have abated the interest for 2003, 2004, 2005, and 2007 because respondent had the use of the claimed overpayments from 2002 and 2006. The cases petitioner cites are distinguishable and do not establish the broad proposition petitioner attributes to them.

In all three cases the courts interpreted section 6601(a) as imposing interest on the underpayment of tax starting from the date the tax becomes both due and unpaid. Avon Prods., 588 F.2d at 344; May Dep't Stores, 36 Fed. Cl. at 683-684; Sequa Corp., 1998 U.S. Dist. LEXIS 8556, at *7. In these cases the taxes were both due and paid, in fact overpaid, as of the due dates of the tax returns. Avon Prods., 588 F.2d at 344; May Dep't Stores, 36 Fed. Cl. at 689; Sequa Corp., 1998 U.S. Dist. LEXIS 8556, at *12. The courts applied the "use of monies" principle to the overpayments held by the Government from the dates the underlying tax had been fully paid up to the time the overpayments were actually used as payments, the time at which the overpayments were no longer available to the Government. Avon Prods., 588 F.2d at 343; May Dep't Stores, 36 Fed. Cl. at 689; Sequa Corp., 1998 U.S. Dist. LEXIS 8556, at *10. The courts held that the Government was not "deprived of the use of those monies for * * * [that] period during which the government undisputably possessed those funds." May Dep't Stores, 36 Fed. Cl. at 687; see Avon Prods., 588 F.2d at 346; Sequa Corp., 1998 U.S. Dist. LEXIS 8556, at *10-*12.

Here, unlike the tax in the cases cited, the tax at issue was not paid by the time it became due because the claims to the overpayments from 2002 and 2006 on the 2003, 2004, 2005, and 2007 tax returns were barred by section

6511(b)(2)(A). The courts in those cases did not address whether the "use of monies" principle extended to overpayments disallowed under section 6511(b)(2)(A), as petitioner suggests. Therefore, the cases petitioner cites are not applicable.

Accordingly, the Court concludes that respondent did not abuse his discretion in not abating the interest for 2003, 2004, 2005, and 2007.

## VI.    Verification

At the conclusion of the CDP hearing the settlement officer must determine whether and how to proceed with collection and shall take into account: (1) the verification that the requirements of any applicable law or administrative procedure have been met, (2) the relevant issues raised by the taxpayer, (3) challenges to the underlying tax liability by the taxpayer, where permitted, and (4) whether any proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of the taxpayer that the collection action be no more intrusive than necessary. Sec. 6330(c)(3); see sec. 6320(c).

The record establishes that the settlement officer verified that the requirements of all applicable law and administrative procedure were met in the processing of petitioner's case, considered all the relevant issues petitioner raised, including the challenges to the additions to tax and the interest, and considered

whether the notice of Federal tax lien filing balanced the Government's interest in the efficient collection of tax with petitioner's concern that the collection action be no more intrusive than necessary.  See sec. 6330(c)(3); Lunsford v. Commissioner, 117 T.C. 183, 184 (2001).

## Conclusion

For the reasons discussed above, the Court sustains respondent's determination in the notice of determination and holds that:  (1) petitioner is liable for the additions to tax for failure to timely file and failure to timely pay under section 6651(a)(1) and (2) for 2003, 2004, 2005, and 2007 and the addition to tax for the underpayment of estimated tax under section 6654(a) for 2007 and (2) respondent did not abuse his discretion in not abating the interest for 2003, 2004, 2005, and 2007.  Respondent may proceed with the collection action as determined in the notice of determination.  In reaching the conclusions described herein, the Court has considered all arguments made, and, to the extent not mentioned above, the Court finds them to be moot, irrelevant, or without merit.

To reflect the foregoing,

Decision will be entered for respondent.